**FILED**

**JANUARY 28, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

3588 JJF/JPS HD387

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 611**

VICTOR MONTAGNE,      )
                                   )

        Plaintiff,      )
                                   )

v.                         )

THE HOME DEPOT, INC.      )
                                   )

        Defendant     )

**JUDGE DARRAH**
**MAGISTRATE JUDGE NOLAN**

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. §1332, 1441 and 1446, hereby provides notice of its removal of this cause pursuant to said statutes and for the following reasons:

1.     On or about September 27, 2007, there was commenced and is now pending in the Circuit Court of Cook County, Illinois, County Department – Law Division, a certain civil action under case #07 L 010189, in which Victor Montagne is the plaintiff ("Plaintiff") and Home Depot USA, Inc., is the sole defendant ("Defendant").[1]

2.     The aforementioned lawsuit is brought by the Plaintiff seeking damages for personal injuries under a premises liability negligence theory.  The Complaint at Law does pray for damages in excess of $50,000.[2]

3.     The Plaintiff's Complaint alleges that the Plaintiff was struck in the face and head by a wood plank causing injury to his person, for which injury he alleges that he sustained permanent injury and suffered economic and non-economic damages.[3]

---

[1] See, Complaint at Law, attached hereto and incorporated herein by reference as Exhibit "A."
[2] Id.

4.    The Complaint at Law fails to state sufficient facts upon which the case could be removed, as there is no indication therein regarding diversity or that the amount in controversy exceeds $75,000.[4]

5.    On January 23, 2008, Defendant received Plaintiff's Response to Requests to Admit Facts, by which Plaintiff attests to facts demonstrative of complete diversity and that amount in controversy, inclusive of claims for future damages is in excess of seventy-five thousand and 00/100 dollars ($75,000.00).[5] Prior to this response, Defendant was not aware of the nature and extent of the Plaintiff's claimed damages, nor of his residence at the time of filing his complaint. Based on the foregoing, the undersigned counsel for the Defendant has a reasonable belief that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

6.    Defendant states that the above lawsuit currently involves a controversy with complete diversity of citizenship between citizens of different states, and Defendant affirmatively states further:

    (a)    Per Plaintiff's Response to Requests to Admit Facts, the Plaintiff was at the commencement of this action a resident of the State of Illinois and is not a resident of the State of Delaware or of the State of Georgia;[6]

    (b)    Defendant is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

7.    This matter involves a controversy between individuals who are residents of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the

---

[3] Id.
[4] Id.
[5] See, Response to Requests to Admit Facts and Notice of Filing, receipt date stamped, January 23, 2008, attached hereto and incorporated herein by reference as Exhibit "B."
[6] Id.

laws of a state other than Illinois, and who has its principal place of business in a state other than Illinois, on the other hand. Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

8.     The Defendants' Notice of Removal is timely filed on January 28, 2008 as notice of the amount in controversy and confirmation of complete diversity was obtained on January 23, 2008.[7]

9.     Attached to and made a part of this Notice of Removal is a copy of the Plaintiff's Complaint at Law. Further, the following documents known to Defendant have been filed in the Circuit Court of Cook County, Illinois, County Department – Law Division action under case #07 L 010189:

-     The Summons directed to Defendant;

-     Defendant's Appearance and Jury Demand; Motion for Leave to File Appearance, Notice of Motion re: same; Answer, Affirmative Defenses and Discovery; Notice of Filing same; and Order granting leave for same;

-     Defendant's Answer and Affirmative Defenses, Proof of Service re: discovery, and Notice of Filing Same;

-     Defendant's written discovery propounded upon Plaintiff, inclusive of Supreme Court Rule 213 Interrogatories to Plaintiff, Supreme Court Rule 213(f) Interrogatories to Plaintiff, Demand for Production Pursuant to Supreme Court Rule 237 and 213 (e) to Plaintiff, Supreme Court Rule 214 Request to Produce to Plaintiff Request to Admit Facts Directed to Plaintiff and Notice of Filing same.

To Defendant's knowledge, no other documents or pleadings were filed in said lawsuit.

10.     Notice of the filing of the Defendant's Notice of Removal was given to all parties as required by law. A true and correct copy of the Notice of Removal was filed with the Clerk of

---

[7] Id.

the Circuit Court of Cook County, Illinois, County Department – Law Division, as provided by law.

11.    With its Appearance filed in the Circuit Court of Cook County, Illinois, County Department – Law Division, Defendant demanded and paid the additional fee for jury demand. Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of the within action from the Circuit Court of the Twelfth Judicial Circuit for St. Claire County, Illinois, to the United States District Court for the Southern District of Illinois, and that the matter be tried before a jury.

Respectfully submitted,


By:    /s/Jason J. Friedl


PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Uj\03588 Montagne\Pleadings - Fed\NtcRemoval.doc

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

VICTOR MONTAGNE                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )        Case No.:
                                   )
THE HOME DEPOT, INC.               )
                                   )        2007L010189
            Defendant.             )        CALENDAR/ROOM D
                                            TIME 00:00
                                            Premises Liability

07 SEP 27 AM 11:23 FILED
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

## COMPLAINT AT LAW

NOW COMES Plaintiff, VICTOR MONTAGNE, by his attorneys,

BAAL & O'CONNOR, and for his complaint against Defendant, THE HOME DEPOT,

INC., states as follows:

1.    Defendant THE HOME DEPOT, INC., is a corporation doing business in

Cook County, Illinois.

2.    Defendant owns, controls, maintains, and operates a department store at

1232 W. North Avenue, Chicago, Illinois.

3.    On or about April 4, 2006, Plaintiff was a business invitee of the

Defendant and was lawfully shopping at Defendant's store, in the course and scope of his

employment with Schaefges Bros. Inc.

4.    Defendant owed Plaintiff a duty to use ordinary care to maintain its

premises in a reasonably safe condition, and to conduct its business activities in a

reasonably safe manner.

5.    On or about April 4, 2006 Plaintiff was standing in a store aisle near one

of Defendant's employees, who was retrieving some masonite boards for Plaintiff.



EXHIBIT
A

6.      At that time and place, Defendant's employee caused a wood plank to fall from the rack or pallet, striking Plaintiff in the face and head, causing serious injuries.

7.      At that time and place, Defendant also created or permitted a condition which presented an unreasonable risk of harm to Plaintiff, specifically a loose plank which could be upset or jostled by one of Defendant's employees, and thus fall upon a customer, such as Plaintiff.

8.      Defendant, by its agents and employees, committed one or more of the following negligent acts or omissions:

(a)      Caused a plank or board to fall from atop a display, rack or pallet, striking Plaintiff;

(b)      Failed to inspect the display, rack or pallet before attempting to remove masonite boards, or otherwise failed to exercise due care when removing these boards while Plaintiff was standing in the area;

(c)      Failed to maintain safe display aisles for Plaintiff, a customer of Defendant;

(d)      Negligently stacked wood in a negligent manner and in an area where they were likely to drop;

(e)      Failed to place warning signs in proper positions or otherwise adequately warn the Plaintiff of these hazardous conditions;

(f)      Violated company policy by allowing a hazardous condition to exist in the store, endangering customers such as Plaintiff.

9.      As a proximate result of one or more of these negligent acts or omissions by the Defendant, THE HOME DEPOT, INC., the Plaintiff, VICTOR MONTAGNE, was

severely and permanently injured, and suffered economic and non-economic damages.

WHEREFORE, the Plaintiff, VICTOR MONTAGNE, requests entry of judgment against the Defendant, THE HOME DEPOT, INC., in an amount which a Court and Jury consider fair and reasonable, but in excess of $50,000 plus costs.

BRYAN J. O'CONNOR
One Of Plaintiff's Attorneys

#13773
**BAAL & O'CONNOR**
221 N. LaSalle Street
26th Floor
Chicago, IL 60601
(312) 236-1814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

| | |
|---|---|
| VICTOR MONTAGNE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE HOME DEPOT, INC. | ) |
| | ) |
| Defendant. | ) |

FILED-4

08 JAN 18 PM 2:21

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

Case No.: 07 L 01189

## NOTICE OF FILING

TO:    Jason J. Friedl
Purcell & Wardrope, Chtd.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603

PLEASE TAKE NOTICE that on the 18th day of January, 2008 the attached Plaintiff's Response to Request to Admit Facts was served on the above party.

*Baal & O'Connor*

**BAAL & O'CONNOR**
221 N. LaSalle Street, Suite 2600
Chicago, IL 60601
(312) 236-1814

## PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that copies of the above were deposited in the U.S. Mail Chute located at 221 N. LaSalle Street, Chicago, Illinois, in a properly stamped and addressed envelope to the above named on this 18th day of January, 2008.

Subscribed and sworn to before me
this 19th day of January, 2008.

Notary Public

OFFICIAL SEAL
JOAN MANSCH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/04/09

EXHIBIT
B

JAN 23 2008

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT-LAW DIVISION**

FILED-4
08 JAN 18 PM 2:21
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION
DOROTHY BROWN    CLERK

| | |
|---|---|
| VICTOR MONTAGNE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 07 L 10189 |
| | ) |
| THE HOME DEPOT, INC. | ) |
| | ) |
| Defendant. | ) |

## RESPONSE TO REQUST TO ADMIT FACTS

Plaintiff, VICTOR MONTAGNE, by his attorneys, BAAL & O'CONNOR,

Submits his Response to Defendant, THE HOME DEPOT, INC., Request to Admit Facts as

follows:

1 .    The amount of any controversy in this case, including any and all claims of

future damages, is in excess of seventy-five thousand dollars ($75,000), exclusive of any

interest and/or costs.

**Response:** Yes


2.    The time of filing his Complaint at Law on September 27, 2007, the plaintiff,

VICTOR MONTAGNE, was a resident of the state of Illinois.

**Response:** Yes

3.    The time of filing his Complaint at Law on September 27, 2007, the plaintiff,

VICTOR MONTAGNE, was not a resident of the State of Delaware or of the State of Georgia.

**Response:** No

4.    Pursuant to Supreme Court Rule 126, the above facts will be admitted unless,

within said twenty-eight (28) days, the plaintiff files and/or serves a sworn denial, or written

objections of the ground that the requested admissions are privilege, irrelevant, or otherwise improper.

**Response:**

_Victor Montagne_

Subscribed to before me this

17th day of January, 2008.

_Notary Public_

OFFICIAL SEAL
LINDA BIALEK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/06/10

| 0 - Served | 212 - Served | | CCG N001-10M-1-07-05 ( |
| 220 - Not Served | 2221 - Not Served | | |
| 2320 - Served By Mail | 2321 - Served By Mail | | |
| 2420 - Served By Publication | 2421 - Served By Publication | | |
| **SUMMONS** | **ALIAS - SUMMONS** | | ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

Victor Montagne,

v.

The Home Depot, Inc.,

No. 07 L 010189

```
000085-1.2.1 10/25/07 12:28
REF CASE   # 07L 010189
  1 LAW                      50.00
  1 MILEAGE                  10.00
REF SHERIFF # 060738
CASE TOTAL                   60.00 *
                 TOTAL       60.00 TL
      CHECK 1                60.00
CASHIER: DENISE
```

Please serve
The Home Depot, Inc.,
1232 West North Avenue
Chicago, IL 60622

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _801_____, Chicago, Illinois 60602

| ❑ **District 2 - Skokie** | ❑ **District 3 - Rolling Meadows** | ❑ **District 4 - Maywood** |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ❑ **District 5 - Bridgeview** | ❑ **District 6 - Markham** | ❑ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

OCT 25 2007

Atty. No.: 13773

Name: Baal & O'Connor

Atty. for: Plaintiff

Address: 221 N. LaSalle St., Ste. 2600

City/State/Zip: Chicago, IL 60601

Telephone: 312-236-1814

Service by Facsimile Transmission will be accepted at: _____

WITNESS,_____, _____

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

3588 JJF/JPS HD387                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Court No.    07 L 10189
                                    )
THE HOME DEPOT, INC.                )
                                    )
        Defendant                   )

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendant:

HOME DEPOT USA, INC., incorrectly sued as "THE HOME DEPOT, INC.,".

.....................................................................................................................

***Defendant demand trial by jury.

_____
Jason J. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street – Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jjf\3554\Pleadings\AppJD.doc

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Jason J. Friedl

3588 JJF/JPS HD387                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| VICTOR MONTAGNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.     07 L 10189 |
| | ) | |
| THE HOME DEPOT, INC. | ) | |
| | ) | |
| Defendant | ) | |

### MOTION FOR LEAVE TO FILE APPEARANCE, ANSWER, AFFIRMATIVE DEFENSES AND DISCOVERY

NOW COMES, the Defendant, THE HOME DEPOT U.S.A., INC., d/b/a THE HOME

DEPOT, by and through its attorneys, PURCELL & WARDROPE, CHTD., and hereby

respectfully moves this Honorable Court for leave to file it's Appearance, Answer and

Discovery, instanter, copies of which are attached hereto.

Respectfully submitted,

By: _____
Jason J. Friedl

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jf\3588\Motions\Mo4Leave.doc

3588 JJF/JPS HD387                                                Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                    )
                                    )
          Plaintiff,                )
                                    )
v.                                  )          Court No.    07 L 10189
                                    )
THE HOME DEPOT, INC.                )
                                    )
          Defendant                 )

### NOTICE OF ROUTINE MOTION

**To:**   Brian J. O'Connor
          BAAL & O'CONNOR
          221 N. LaSalle Street, 26th Floor
          Chicago IL  60601

PLEASE TAKE NOTICE that on **January 11, 2008 at 8:45 a.m.**, or soon thereafter as counsel might be heard, I shall appear before Honorable Judge Lawrence or any other judge sitting in his/her stead presiding in **Courtroom 2208,** Daley Center, Chicago, Illinois and shall then and there present HOME DEPOT U.S.A., INC.'S MOTION FOR LEAVE TO FILE APPEARANCE, ANSWER, AFFIRMATIVE DEFENSES AND DISCOVERY, a copy of which is attached hereto.

Respectfully submitted,


Jason J. Friedl

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jjf\3558\Motions\NOM001.doc

### CERTIFICATE OF SERVICE

I, Genevieve Zimmerman, a non-attorney, certify under oath that I served the foregoing Notice and the motion referenced therein by fax and US mail, a copy to all attorneys of record at their above-listed addresses, on January 7, 2008.

GENEVIEVE ZIMMERMAN

3588 JJF/JPS HD387                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| VICTOR MONTAGNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.    07 L 10189 |
| | ) | |
| THE HOME DEPOT, INC. | ) | |
| | ) | |
| Defendant | ) | |

### ANSWER OF DEFENDANT, HOME DEPOT USA, INC.

NOW COMES the Defendant, HOME DEPOT USA, INC., incorrectly sued as "THE HOME DEPOT, INC.," by and through its attorneys, PURCELL & WARDROPE, CHTD., and for its Answers to the Complaint at Law, states as follows:

1.    HOME DEPOT USA, INC., admits that it is a Corporation, and that it does business in Cook County, Illinois, but denies that it is incorporated within the State of Illinois.

2.    HOME DEPOT USA, INC., admits to the presence of a Home Depot store at the address alleged.

3.    HOME DEPOT USA, INC., admits that an individual identifying himself as "Victor Montagne" was present, on the premises alleged, on the date alleged, but has insufficient information to either admit or deny the remaining allegations set forth in paragraph three of the Complaint at Law and demands strict proof thereof.

4.    Paragraph four seeks to allege the existence of a duty. The existence of a duty is a question of law, not an allegation of fact. HOME DEPOT USA, INC., admits only to such duties as are imposed by law. If any portion of paragraph four of the Complaint at Law is deemed an allegation of fact, such fact is hereby denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied, inclusive of sub-parts (a)-(f).

9.     Denied.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., improperly sued as "THE

HOME DEPOT, INC.," denies that the Plaintiff, VICTOR MONTAGNE, is entitled to judgment

against it in any sum whatsoever.

Respectfully submitted:

By:     _____

Jason J. Friedl

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3588\Pleadings\Answer.doc

2

3588 JJF/JPS HD387                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                      )
                                      )
    Plaintiff,              )
                                      )
v.                                    )        Court No.     07 L 10189
                                      )
THE HOME DEPOT, INC.                  )
                                      )
    Defendant               )

### AFFIDAVIT OF INSUFFICIENT INFORMATION

JASON J. FRIEDL, being first duly sworn upon his oath, deposes and states that he is one of the attorneys charged with the defense of HOME DEPOT USA, INC., in this action; that he has prepared the foregoing Answer on behalf of said Defendant, and he avers that his statements of insufficient knowledge to form a belief of certain allegations are true, and he has therefore denied said allegations.

                Jason J. Friedl, Attorney for the Defendant,
                HOME DEPOT USA, INC.

STATE OF ILLINOIS                     )
                                      )SS
COUNTY OF COOK                        )

SUBSCRIBED AND SWORN to before me, a Notary Public, on this 7th day of January 2008.

                NOTARY PUBLIC

"OFFICIAL SEAL"
Josefina Rojas
Notary Public, State of Illinois
My Commission Expires June 6, 2011

3588 JJF/JPS HD387

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| VICTOR MONTAGNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.    07 L 10189 |
| | ) | |
| THE HOME DEPOT, INC. | ) | |
| | ) | |
| Defendant | ) | |

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant, HOME DEPOT USA, INC., incorrectly sued as "THE HOME DEPOT, INC.," and in further response to the Plaintiff's Complaint At Law, hereby pleads the following as its affirmative defenses:

1.    If it is judicially determined that VICTOR MONTAGNE suffered the injuries and damages as alleged in his Complaint at Law, said injuries and damages are specifically denied, those injuries or damages were proximately caused, *in toto*, by the superseding and/or intervening act(s) of negligence of other person(s) over whom this Defendant had no control, no right to control and for whose actions this Defendant is not liable.

### SECOND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, HOME DEPOT USA, INC., incorrectly sued as "THE HOME DEPOT, INC.," and in further response to the Plaintiff's Complaint At Law, hereby pleads the following as its second affirmative defense:

1.    If VICTOR MONTAGNE was on the premises as alleged, on or about April 4, 2006, then VICTOR MONTAGNE was guilty of one or more of the following negligent acts and/or omissions:

a)    Failed to exercise due care and caution for his own safety;

b)    Failed to keep a proper lookout to ensure his own safety;

c)    Attempted to remove items from shelves without ascertaining his ability to do so in a safe manner;

d)    Upon observing a potential risk, assumed the dangers obviously inherent therein and was otherwise responsible for the resulting injuries;

e)    Was otherwise careless and negligent in failing to keep a lookout for his own personal safety.

The negligent acts and/or omissions of VICTOR MONTAGNE were the sole and proximate cause of his injuries.   To the extent that the negligence of VICTOR MONTAGNE is greater than fifty percent (50%), the Defendant, HOME DEPOT USA, INC., incorrectly sued as "THE HOME DEPOT, INC.,", is entitled to dismissal in this matter, with prejudice.

The negligent acts and/or omissions of VICTOR MONTAGNE were a proximate cause of his accident and the alleged injuries resulting therefrom and, HOME DEPOT USA, INC., incorrectly sued as "THE HOME DEPOT, INC.,", is entitled to a dismissal with prejudice or, alternatively, a reduction in judgment, if any, in an amount proportional to the percentage of fault attributable to VICTOR MONTAGNE.

### THIRD AFFIRMATIVE DEFENSE

NOW COMES the Defendant, HOME DEPOT USA, INC., incorrectly sued as "THE HOME DEPOT, INC.," NOW COMES the Defendant, HOME DEPOT USA,

2

INC., and in further response to the Plaintiff's Complaint At Law, hereby pleads the following as its third affirmative defense:

If HOME DEPOT USA, INC., is found liable to VICTOR MONTAGNE in any amount whatsoever, the liability of HOME DEPOT USA, INC., is less than twenty-five percent (25%) of the total fault attributable to VICTOR MONTAGNE, the Defendant, sued by VICTOR MONTAGNE and/or any Third-Party Defendant who could have been sued by VICTOR MONTAGNE. Therefore, HOME DEPOT USA, INC., if found liable, would be severally liable for all damages.

Respectfully Submitted,

By: _____
Jason J. Friedl

Purcell & Wardrope Chtd.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\Jjf\3588\Pleadings\AffirmativeDefenses.doc

3

3588 JJF/JPS HD387                                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Court No.    07 L 10189
                                    )
THE HOME DEPOT, INC.                )
                                    )
            Defendant               )

## **ORDER**

UPON MOTION of the Defendant, THE HOME DEPOT U.S.A., INC., d/b/a THE

HOME DEPOT, by and through its attorneys, PURCELL & WARDROPE, CHTD., leave is

hereby granted for Defendant to file it's Appearance, Answer and Discovery, instanter.


                              By:  _____
                                   Judge Lawrence


Order Prepared by:
Jason J. Friedl, Attorney for Defendant
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jjf\3588 Montagne\Motions\Order4Leave.doc

3588 JJF/JPS HD387

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| VICTOR MONTAGNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.    07 L 10189 |
| | ) | |
| THE HOME DEPOT, INC. | ) | |
| | ) | |
| Defendant | ) | |

### RE-NOTICE OF FILING

**To:**    Brian J. O'Connor
       BAAL & O'CONNOR
       221 N. LaSalle Street, 26th Floor
       Chicago IL   60601

      YOU ARE HEREBY NOTIFIED that on **January 22, 2008,** there was filed in the office of the Circuit Court of Cook County, Illinois, **HOME DEPOT USA, INC.'S RE-NOTICE OF FILING RE: APPEARANCE & JURY DEMAND, ANSWER, AFFIRMATIVE DEFENSES, SUPREME COURT RULE 213(F) INTERROGATORIES TO PLAINTIFF, SUPREME COURT RULE 213 INTERROGATORIES TO PLAINTIFF, DEMAND FOR PRODUCTION PURSUANT TO SUPREME COURT RULE 237 AND 213 (E) TO PLAINTIFF, SUPREME COURT RULE 214 REQUEST TO PRODUCE TO PLAINTIFF REQUEST TO ADMIT FACTS DIRECTED TO PLAINTIFF,** copies of which were filed on **January 11, 2008** and served upon you on January 11, 2008.

                    By:                                                              
                             Jason J. Friedl

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\Jjf\3588 Montagne\Pleadings\NOF002.doc

### CERTIFICATE OF SERVICE

      I, Josefina Rojas, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed copies of the foregoing **Re-Notice of filing** to each party to whom it is directed on January 22, 2008.

                                              Josefina Rojas

3588 JJF/JPS HD387                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                    )
                                    )
     Plaintiff,                    )
                                    )
v.                                  )        Court No.      07 L 10189
                                    )
THE HOME DEPOT, INC.                )
                                    )
     Defendant                     )

### SUPREME COURT RULE 214 REQUEST TO PRODUCE TO PLAINTIFF

NOW COMES the defendant, HOME DEPOT U.S.A., INC., incorrectly sued as "The Home Depot, Inc.," by and through its attorneys, PURCELL & WARDROPE, CHTD., and pursuant to Supreme Court Rule 214, requests that the plaintiff, VICTOR MONTAGNE, produce for inspection and copying within twenty-eight (28) days hereof, the following:

### DEFINITIONS

As used herein, the words and phrases have the meaning or meanings prescribed for them:

1.    The word "document" or "documents" shall mean every original (and every copy of any original or copy which differs in any way from the original) of every writing or recording of every kind or description, whether hand written, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatsoever, including without limitation, books, records, papers, pamphlets, brochures, circulars, advertisements, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, cancelled checks, receipts, contracts, agreements, instruction assignments, applications, offers, acceptances, proposals, financial statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written

memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records.

2.     "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

3.     "Identification" or "identify" shall mean as to a document or agreement, stating:

   a.     The date of its creation, execution and receipt;
   b.     Its author or signatory;
   c.     Its addressee and every other recipient or person having knowledge of its contents or whereabouts;
   d.     Its type or nature (e.g. letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);
   e.     The number of pages, pieces or units contained therein or forming a part thereof;
   f.     The name and business and home address of the custodian of the document;
   g.     The present location of the document.

## INSTRUCTIONS

In construing this request:

1.     The singular shall include the plural and the plural shall include the singular.

2.     A masculine, feminine or neuter pronoun shall not exclude the other genders.

3.     Each request shall extend to all documents which are or have been in the possession or subject to the control of the Plaintiff, and all persons subject to its direction or control at any time during the period of time covered by this request.

4.     With respect to any document, the production of which is objected to on the ground of any claim of privilege or for any other reason, Plaintiff shall identify the document and shall further:

   a.     State the nature of the claim of privilege or other ground of objection;
   b.     State all facts relied upon in support of the claim of privilege or other ground of objection or related thereto;
   c.     Identify all documents related to the claim of privilege or other ground of objection;
   d.     Identify all persons having knowledge of any facts related to the claim of privilege or other ground

of objection;

e.     Identify all events, transactions or occurrences
related to the claim of privilege or other ground
of objection.

## DOCUMENTS REQUESTED

1.      Any and all photographs, slides, diagrams, maps, schematics, graphs, motion pictures and any other illustrated representation of the alleged defective conditions or of the subject premises, whether made prior to or after the plaintiff's accident.

**RESPONSE:**

2.      Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

**RESPONSE:**

3.      List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

**RESPONSE:**

4.      Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

**RESPONSE:**

5.      A copy of any and all written communications received by you from this defendant relative to said accident or claim.

**RESPONSE:**

6.      A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.
**RESPONSE:**

7.      All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

**RESPONSE:**

8.    Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

**RESPONSE:**

9.    Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

**RESPONSE:**

10.    Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

**RESPONSE:**

11.    Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

**RESPONSE:**

12.    Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

**RESPONSE:**

13.    Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

**RESPONSE:**

14.    Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

**RESPONSE:**

15.    Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

**RESPONSE:**

16.    Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

**RESPONSE:**

17.    Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning any and all prior or subsequent claims, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

**RESPONSE:**

18.    All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

**RESPONSE:**

19.    Any report of any inspection of the premises, of the shelving unit, or about the place where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

**RESPONSE:**

20.    A list giving the names, addresses and specialties of all opinion witnesses, and any written reports, notations, measurements, raw data, photographs, diagrams, or other investigative material generated or relied upon by any such opinion witnesses.

**RESPONSE:**

21.    Any and all reports rendered by any witness whom you expect to provide opinion testimony at arbitration or trial.

**RESPONSE:**

22.    The statements, reports, notes, memoranda, and any other document prepared by any expert who may be called as a witness at arbitration or trial.

**RESPONSE:**

23.    A list of all attorneys and/or law firms, and cases (including court numbers), for which any retained witness that the plaintiff intends to call at arbitration or trial reviewed records, deposition transcripts, and/or testified at deposition, arbitration or at trial within the past five (5) years.

**RESPONSE:**

24.    Copies of those portions of all 1040 Income Tax Returns, Form W-2 or Form 1099 for any retained witness that the plaintiff intends to call at arbitration or trial for the past three (3) years that evidence the amount of income earned as an expert witness, and any income earned in his/her occupation for which he/she is being called as opinion witness.

**RESPONSE:**

25.    Copies of all correspondence, with attachments, sent by plaintiff and his counsel to any retained witness that the plaintiff intends to call at arbitration or trial or sent by any retained witness that the plaintiff intends to call at arbitration or trial to plaintiff or his counsel.

**RESPONSE:**

26.    Copies of all itemized statements or bills for any retained witness that the plaintiff intends to call at arbitration or trial charged in connection with this litigation.

**RESPONSE:**

27.    Copies of all itemized statements or bills for any retained witness that the plaintiff intends to call at arbitration or trial charged to plaintiff's counsel for work in relation to any litigation over the past three (3) years.

**RESPONSE:**

28.    Copies of all reports of any retained witness that the plaintiff intends to call at arbitration or trial submitted by any attorney employed with Gunter & Frangella in Supreme Court Rule 213 disclosures in any filed suit within the past three (3) years.

**RESPONSE:**

29.    Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

**RESPONSE:**

30.    Any statement of the plaintiff if given to some person or entity other than his attorney.

**RESPONSE:**

31.    An affidavit that the responses to these production requests are complete in accordance with the request.

**RESPONSE:**

The term "accident" or "occurrence" as used in this request for production refers to the accident or occurrence alleged in the plaintiff's Complaint at Law and shall not be deemed an admission of the allegations.

The plaintiff is requested to make such production at the offices of PURCELL & WARDROPE, CHTD., 10 South LaSalle Street, Suite 1200, Chicago, Illinois.

Respectfully submitted,



By: _____
Jason J. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3588\Discovery\S.Ct.R.214.doc

7

3588 JJF/JPS HD387                                          Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Court No.    07 L 10189
                                    )
THE HOME DEPOT, INC.                )
                                    )
        Defendant                   )

## DEMAND FOR PRODUCTION PURSUANT TO SUPREME COURT RULE 237 AND 213(E) TO PLAINTIFF

Now comes the defendant, HOME DEPOT U.S.A., INC., incorrectly sued as "The Home Depot, Inc.," by and through its attorneys, PURCELL & WARDROPE, CHTD., and requests that the plaintiff, VICTOR MONTAGNE, produce at the time of arbitration and trial in the above case, and such production to continue throughout the entire course of this lawsuit for arbitration and trial, pursuant to 237 & 213(e), of the Rules of the Supreme Court of the State of Illinois, the following persons and documents:

1.  It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you produce immediately upon commencement of the arbitration and upon assignment of this matter for trial (unless otherwise herein indicated), and prior to the selection of the jury, the identity and last known address of all persons and organizations in addition to those previously disclosed, having knowledge of the facts relevant to this lawsuit.

2.  It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce **VICTOR MONTAGNE** at the time of arbitration and trial for examination under 2-1102 of the Illinois Code of Civil Procedure.

3.  It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce immediately upon commencement of the arbitration and upon assignment of this matter for trial (unless otherwise herein indicated), and prior to the selection of a jury, the following original documents or tangible things or copies of same if originals are not available:

a.   Any and all photographs of the alleged defective conditions or of the subject premises, whether made prior to or after the plaintiff's accident.

b.   Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

c.   List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

d.   Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

e.   A copy of any and all written communications received by you from this defendant relative to said accident or claim.

f.   A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

g.   All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

h.   Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

i.   Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

j.   Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

k.   Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

l.   Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

m.   Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

n.   Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

o.   Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter,

whether said statement or report be written, recorded, or a transcription of a recorded statement.

p.   Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

q.   Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning any and all prior and/or subsequent claims, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

r.   All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

s.   Any report of any inspection of the premises, the merchandise described in the plaintiff's Complaint at Law, or about the place where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

t.   Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

u.   Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

Respectfully submitted,



By: _____

Jason J. Friedl

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jjf\3588\Discovery\S.Ct.R.237.doc

3

3588 JJF/JPS HD387                                          Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                    )
                                    )
              Plaintiff,            )
                                    )
v.                                  )        Court No.    07 L 10189
                                    )
THE HOME DEPOT, INC.                )
                                    )
              Defendant             )

### SUPREME COURT RULE 213 INTERROGATORIES TO PLAINTIFF

NOW COMES the defendant, HOME DEPOT U.S.A., INC., incorrectly sued as "The Home Depot, Inc.," by its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following Interrogatories pursuant to Illinois Supreme Court Rule 213 to be answered by the plaintiff, VICTOR MONTAGNE, within twenty-eight (28) days upon receipt hereof:

1.    State your full name, age, date of birth, address and the last four digits of your social security number.

**ANSWER:**

2.    State the full names and addresses of each person who witnessed or claims to have witnessed the occurrence alleged in your complaint.

**ANSWER:**

3.    State the full name and address of each person not named (in 2) above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after said occurrence.

**ANSWER:**

4.    Describe the personal injuries sustained by you as a result of said occurrence.

**ANSWER:**

5.    With regard to said injuries, state:

a.    The name and address of each attending physician;
b.    The name and address of each consulting physician;
c.    The name and address of each person or laboratory taking an x-ray of you;
d.    The date or inclusive dates on which each of them rendered you service;
e.    The amounts to date of their respective bills for service; and,
f.    From which of them do you have written reports?

**ANSWER:**


6.    As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic?  If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the inclusive date of said service.

**ANSWER:**


7.    Please state the name and address of your *last* employer(s) at the time of the subject accident, and at the present.  If you were unable to work as a result of said personal injuries allegedly sustained in the subject accident, please state the date or inclusive dates on which you were unable to work, the amount of wage or income loss claimed by you, and the name and address of the each employer from home you lost time and wages.

**ANSWER:**


8.    Has any person, insurance company other entity paid any bills or expenses as a result of this incident?  If so, identify who paid said bills or expenses, state the amount paid by each such entity, and identify the bills and expenses paid.

**ANSWER:**


9.    State any and all expenses or losses you claim as the result of said occurrence.

**ANSWER:**


10.    For each witness who will offer any opinion testimony at trial, please state the following:

a.    The name and address of the witness;
b.    The subject matter on which the opinion witness is expected to testify;
c.    The conclusions and opinions of the opinion witness and the bases thereof; and
d.    The qualifications of the opinion witness.

And provide all reports of the opinion witness.

**ANSWER:**

11.    During the five years immediately prior to the date of said occurrence, had you been confined to a hospital, treated by a physician, or x-rayed for any reason other than personal injury? If so, give the name and address of each such facility or professional, the approximate date of such confinement or service, and *state the reason for such confinement or service.*

ANSWER:

12.    Prior to the date of said occurrence, had you suffered any personal injury requiring medical treatment? If so, state when, where and in general how you were injured, describe the injuries suffered, and the name and address of all medical facilities and professionals who provided you treatment.

ANSWER:

13.    Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence? If so, for (a), state when, where and in general how you were injured, describe in general the injuries suffered, and provide the name and address of all medical facilities and professionals who provided you treatment; and for (b) state when you were ill, describe in general the illness, and the name and address of all medical facilities and professionals who provided you treatment.

ANSWER:

14.    Have you ever filed any other lawsuit or worker's compensation claim for personal injury? If your response is in the affirmative, state the court in which filed, the year filed and the title and docket number of said case.

ANSWER:

15.    Were any photographs taken of the scene of the occurrence or of the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

ANSWER:

16.    Do you have statements or reports from any witness other than yourself? If so, give the name and address of each such witness, the date of said statement or report, and state whether such statement or report was written or oral.

ANSWER:

17.    Please state the name and address of every witness who will testify at trial, together with the subject of their testimony.

ANSWER:

3

18.    List the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

19.    Do you have any continuing complaints or disabilities of any kind resulting from the accident? If so, please state:

    a.    The nature and frequency of said complaint or disability; and,
    b.    What medical treatment you are receiving and/or what medication are you taking for this complaint or disability.

**ANSWER:**

20.    Please state the time of day when the subject incident occurred, and describe completely the lighting conditions at the time and place of the occurrence, indicating the amount of natural light and the amount of artificial lighting.

**ANSWER:**

21.    In regard to the hazardous condition identified in your Complaint at Law, please state the following:

    a.    A description of your actions preceding the alleged accident;
    b.    A description of the wood plank which you claim hit you, inclusive of the dimensions of the plank;
    c.    A description of the rack/display from which you contend the wood plank fell inclusive of describing its height and the product offered for sale thereon; and
    d.    A description of how long the alleged unsafe condition, *i.e.*, the presence of a loose wood plank, existed and by whom specifically, if known, it was created.

**ANSWER:**

Respectfully submitted,

By: _____

Jason J. Friedl

PURCELL & WARDROPE CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Uj\3588\Discovery\S.Ct.R.213.doc

4

3588 JJF/JPS HD387                                          Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                      )
                                      )
     Plaintiff,                      )
                                      )
v.                                    )    Court No.    07 L 10189
                                      )
THE HOME DEPOT, INC.                  )
                                      )
     Defendant                       )

### SUPREME COURT RULE 213(f) INTERROGATORIES TO PLAINTIFF

NOW COMES the defendant, HOME DEPOT U.S.A., INC., incorrectly sued as "THE

HOME DEPOT, INC.," by and through its attorneys, PURCELL & WARDROPE, CHTD., and

pursuant to Illinois Supreme Court Rule 213(f), requests that the following Interrogatories be

answered by VICTOR MONTAGNE within twenty-eight (28) days upon receipt thereof.

1.     With respect to all witnesses you intend to call at trial, fully disclose the identity
and address of each witness.

**ANSWER:**


2.     For each **lay** witness as defined by Supreme Court Rule (f)(1), describe the
subject on which the witness will testify and any facts or lay opinions you know the witness will
offer.

**ANSWER:**


3.     For each **independent expert witness** as defined by Supreme Court Rule 213(f)
(2), identify the subjects on which each such witness will testify, setting forth a detailed
statement of the opinions you expect to elicit from the witness and any opinions you know the
witness will offer, and provide any and all reports prepared by the witness about the case known
to you.

**ANSWER:**

4.      State the name, address, telephone number, job title and occupation of each and every person you may call as a **controlled expert witness** as defined by Supreme Court Rule 213(f)(3) at the trial of this cause.

**ANSWER:**

5.      For each such controlled expert witness, state the fields of knowledge or areas within which said individual is an expert and/or has expertise.

**ANSWER:**

6.      For each identified controlled expert witness, state the subject matter on which said witness is expected to testify.

**ANSWER:**

7.      Identify each and every report prepared by every controlled expert witness identified in Answer to Interrogatory No. 4 above, indicating whether said report was submitted in oral form, written form or both. If a written report, statement or other document was prepared, attached a copy of each such report, statement or document to these Answers to Interrogatories pursuant to Supreme Court Rule 214.

**ANSWER:**

8.      With regard to each controlled expert witness disclosed herein, state whether each such witness has examined, inspected or tested the product, instrumentality, scene of the accident, or any party to this litigation. If your answer is anything other than an unqualified "no", state as follows:

a.      The date or dates of each such examination, inspection or test, and the location where said examination inspection or test took place.

b.      The nature of each such examination, inspection or test (visual, photographic, microscopic, etc.) identifying the parts, components, instrumentality, accident site or persons who were examined, inspected or tested;

c.      The name, address and title of all persons present during such examination, inspection or testing;

d.      Whether documentation of said examination inspection or test was created in written, photographic, audio or video format.

**ANSWER:**

2

9.    State with particularity the conclusions and opinions that each controlled expert witness has formed.

**ANSWER**:


10.    State with particularity the basis or bases for each conclusion or opinion identified in the preceding Interrogatory.

**ANSWER**:


11.    Identify and provide copies of all documents provided to each controlled expert witness by you or your counsel.

**ANSWER**:


12.    Identify all documents relied upon by each controlled expert witness in reaching each opinion or conclusion.

**ANSWER**:


13.    State the name, author, publisher, (pages) and date of publishing of all texts, articles, journals or medical literature upon which each said controlled expert witness relied.

**ANSWER**:


14.    State the name, author, publisher, (pages) and the date of publishing of all texts, articles, journals or medical literature which plaintiffs counsel intends to use at the trial of this matter in the cross examination of any of the defendants experts.

**ANSWER**:


15.    State with specificity the qualifications of each controlled expert witness identified in Answer to Interrogatory No. 4 above and for each said witness, attached a current curriculum vitae.

**ANSWER**:

3

16.    With respect to each controlled expert witness identified in Answer to Interrogatory No. 4 above, identify by court, case number and case name, each and every case within which said controlled expert witness has rendered testimony either at deposition or trial, and identify the name, firm and address of the attorney retaining the services of said controlled expert witness.

**ANSWER:**



Respectfully submitted,

By: _____
Jason J. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3588\Discovery\S.Ct.R.213(f).doc

4

3588 JJF/JPS HD387

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,                         )
                                         )
     Plaintiff,                        )
                                         )
v.                                       )    Court No.    07 L 10189
                                         )
THE HOME DEPOT, INC.                     )
                                         )
     Defendant                         )

### REQUEST TO ADMIT FACTS DIRECTED TO PLAINTIFF

NOW COMES the defendant, HOME DEPOT U.S.A., INC., incorrectly sued as "The Home Depot, Inc.," by and through its attorneys, PURCELL & WARDROPE, CHTD., and hereby requests the Plaintiff, VICTOR MONTAGNE, pursuant to Illinois Supreme Court Rule 216, to admit or deny the following within twenty-eight (28) days hereof:

    1.    The amount of any controversy in this case, including any and all claims of future damages, is in excess of seventy-five thousand dollars ($75,000), exclusive of any interest and/or costs.

    2.    The time of filing his Complaint at Law on September 27, 2007, the plaintiff, VICTOR MONTAGNE, was a resident of the state of Illinois.

    3.    The time of filing his Complaint at Law on September 27, 2007, the plaintiff, VICTOR MONTAGNE, was _not_ a resident of the State of Delaware or of the State of Georgia.

    4.    Pursuant to Supreme Court Rule 126, the above facts will be admitted unless, within said twenty-eight (28) days, the plaintiff files and/or serves a sworn denial, or written objections of the ground that the requested admissions are privilege, irrelevant, or otherwise improper.

Respectfully submitted,



By: _____

Jason J. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Lj\3588\Discovery\S.Ct.R.216.doc

3588 JJF/JPS HD387                                          Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| VICTOR MONTAGNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Court No.    07 L 10189 |
| | ) |
| THE HOME DEPOT, INC. | ) |
| | ) |
| Defendant | ) |

### NOTICE OF FILING

**To:**   Brian J. O'Connor
          BAAL & O'CONNOR
          221 N. LaSalle Street, 26th Floor
          Chicago IL   60601

YOU ARE HEREBY NOTIFIED that on **January 28, 2008,** there was filed in the office of the Circuit Court of Cook County, Illinois, **HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,** (without attachments) and served upon you on January 28, 2008.

By:

Jason J. Friedl

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\Jjf\3588 Montagne\Pleadings\NOF003.doc

### CERTIFICATE OF SERVICE

I, Genevieve Zimmerman, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed copies of the foregoing Notice of Filing and documents referenced therein to each party to whom it is directed on January 28, 2008.

Genevieve Zimmerman

3588 JJF/JPS HD387

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

VICTOR MONTAGNE,        )
                             )
        Plaintiff,        )
                             )
v.                         )     Court No.    07 L 10189
                             )
THE HOME DEPOT, INC.      )
                             )
        Defendant      )

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL

& WARDROPE, CHTD., and pursuant to 28 U.S.C.A. §1332, 1441 and 1446, hereby provides

notice of its removal of this cause pursuant to said statutes and for the following reasons:

1.      On or about September 27, 2007, there was commenced and is now pending in the

Circuit Court of Cook County, Illinois, County Department – Law Division, a certain civil action

under case #07 L 010189, in which Victor Montagne is the plaintiff ("Plaintiff") and Home

Depot USA, Inc., is the sole defendant ("Defendant").[1]

2.      The aforementioned lawsuit is brought by the Plaintiff seeking damages for

personal injuries under a premises liability negligence theory.  The Complaint at Law does pray

for damages in excess of $50,000.[2]

3.      The Plaintiff's Complaint alleges that the Plaintiff was struck in the face and head

by a wood plank causing injury to his person, for which injury he alleges that he sustained

permanent injury and suffered economic and non-economic damages.[3]

---

[1] See, Complaint at Law, attached hereto and incorporated herein by reference as Exhibit "A."
[2] Id.

4.    The Complaint at Law fails to state sufficient facts upon which the case could be removed, as there is no indication therein regarding diversity or that the amount in controversy exceeds $75,000.[4]

5.    On January 23, 2008, Defendant received Plaintiff's Response to Requests to Admit Facts, by which Plaintiff attests to facts demonstrative of complete diversity and that amount in controversy, inclusive of claims for future damages is in excess of seventy-five thousand and 00/100 dollars ($75,000.00).[5]  Prior to this response, Defendant was not aware of the nature and extent of the Plaintiff's claimed damages, nor of his residence at the time of filing his complaint.   Based on the foregoing, the undersigned counsel for the Defendant has a reasonable belief that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

6.    Defendant states that the above lawsuit currently involves a controversy with complete diversity of citizenship between citizens of different states, and Defendant affirmatively states further:

(a)    Per Plaintiff's Response to Requests to Admit Facts, the Plaintiff was at the commencement of this action a resident of the State of Illinois and is not a resident of the State of Delaware or of the State of Georgia;[6]

(b)    Defendant is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

7.    This matter involves a controversy between individuals who are residents of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the

---

[3] Id.
[4] Id.
[5] See, Response to Requests to Admit Facts and Notice of Filing, receipt date stamped, January 23, 2008, attached hereto and incorporated herein by reference as Exhibit "B."
[6] Id.

laws of a state other than Illinois, and who has its principal place of business in a state other than Illinois, on the other hand. Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

8.    The Defendants' Notice of Removal is timely filed on January 28, 2008 as notice of the amount in controversy and confirmation of complete diversity was obtained on January 23, 2008.[7]

9.    Attached to and made a part of this Notice of Removal is a copy of the Plaintiff's Complaint at Law. Further, the following documents known to Defendant have been filed in the Circuit Court of Cook County, Illinois, County Department – Law Division action under case #07 L 010189:

-    The Summons directed to Defendant;

-    Defendant's Appearance and Jury Demand; Motion for Leave to File Appearance, Notice of Motion re: same; Answer, Affirmative Defenses and Discovery; Notice of Filing same; and Order granting leave for same;

-    Defendant's Answer and Affirmative Defenses, Proof of Service re: discovery, and Notice of Filing Same;

-    Defendant's written discovery propounded upon Plaintiff, inclusive of Supreme Court Rule 213 Interrogatories to Plaintiff, Supreme Court Rule 213(f) Interrogatories to Plaintiff, Demand for Production Pursuant to Supreme Court Rule 237 and 213 (e) to Plaintiff, Supreme Court Rule 214 Request to Produce to Plaintiff Request to Admit Facts Directed to Plaintiff and Notice of Filing same.

To Defendant's knowledge, no other documents or pleadings were filed in said lawsuit.

10.    Notice of the filing of the Defendant's Notice of Removal was given to all parties as required by law. A true and correct copy of the Notice of Removal was filed with the Clerk of

---

[7] Id.

3

the Circuit Court of Cook County, Illinois, County Department – Law Division, as provided by law.

11.    With its Appearance filed in the Circuit Court of Cook County, Illinois, County Department – Law Division, Defendant demanded and paid the additional fee for jury demand. Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of the within action from the Circuit Court of the Twelfth Judicial Circuit for St. Claire County, Illinois, to the United States District Court for the Southern District of Illinois, and that the matter be tried before a jury.

Respectfully submitted:

By: _____
Jason J. Friedl

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jjf\3588 Montagne\Pleadings\NotOfRemoval.doc

4