3588 JJF/JPS HD387

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR MONTAGNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    08 C 611 |
| v. | ) | |
| | ) | Judge Darrah |
| THE HOME DEPOT, INC. | ) | |
| | ) | Magistrate Judge Nolan |
| Defendant. | ) | |

### RESPONSE OF THE DEFENDANT, HOME DEPOT U.S.A., INC., TO PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT JOINING ADDITIONAL PARTY DEFENDANT

NOW COMES the defendant, HOME DEPOT U.S.A., INC., incorrectly sued as "THE HOME DEPOT, INC.," by its attorneys, PURCELL & WARDROPE CHTD., and hereby objects to Plaintiff's Motion to File First Amended Complaint Joining Additional Party Defendant (hereinafter "Motion for Leave").

I.    INTRODUCTION

On September 27, 2007, the plaintiff, VICTOR MONTAGNE ("Plaintiff"), commenced a civil action in the Circuit Court of Cook County, Illinois, County Department – Law Division, Case No. 07 L 010189, against HOME DEPOT U.S.A., INC., incorrectly sued as "THE HOME DEPOT, INC." ("Defendant").[1]  Plaintiff alleged that he was struck about the face and head by a wood plank that fell from a rack or pallet while a Home Depot employee was retrieving sale product for Plaintiff.[2]  The Complaint at Law failed to state sufficient facts to determine whether the case was subject to removal, as there was no indication therein regarding diversity or that the

---

[1] See, Complaint at Law, attached hereto and incorporated herein by reference as Exhibit "A."
[2] Id.

amount in controversy exceeded seventy-five thousand and 00/100 dollars ($75,000.00).[3]  On January 23, 2008, Defendant received Plaintiff's Response to Requests to Admit Facts, by which Plaintiff attested to facts demonstrative of complete diversity and that the amount in controversy, inclusive of claims for future damages, is in excess of seventy-five thousand and 00/100 dollars ($75,000.00).[4]  Defendant immediately prepared and thereafter filed the requisite Notice of Removal on January 28, 2008.[5]  Plaintiff first sought leave to amend his Complaint at Law the following day.

Plaintiff's Complaint at Law sets forth allegations that sound in a premises liability theory of negligence against Defendant.[6]  Home Depot USA, Inc. denied in its Answer all relevant allegations of wrongdoing.  By his Motion for Leave and the attached proposed First Amended Complaint at Law, Plaintiff seeks to add an additional count against an unnamed employee of Defendant for the same alleged negligent acts and/or omissions in the course and scope of the unnamed employee's employment with Defendant.[7]  Defendant objects to Plaintiff's attempt to add an unknown individual, sued under a pseudonym as a direct defendant, in an attempt to destroy diversity of jurisdiction in this removed case.  The Defendants respectfully request this Honorable Court to deny Plaintiff's request pursuant to Title 28 U.S.C.A §1447(e).

II.    ARGUMENT

Plaintiff cites neither to the Federal Rules of Civil Procedure or any other authority for his proposed amendment to his Complaint at Law, reporting only that it was his intention to name the "John Doe" defendant all along in the Circuit Court of Cook County.  Plaintiff's

---

[3] Id.

[4] See, Response to Requests to Admit Facts and Notice of Filing, receipt date stamped, January 23, 2008, attached hereto and incorporated herein by reference as Exhibit "B."

[5] See, Notice of Removal, attached hereto and incorporated herein by reference as Exhibit "C."

[6] Exhibit A.  See also, Plaintiff's Motion to File First Amended Complaint Joining Additional Party Defendant.

[7] Compare Counts I and II of Plaintiff's Proposed First Amended Complaint at Law.

representations of what he would have done aside, this Court must weigh both the jurisdictional concerns and the statutory right of a defendant to proceed in a federal forum. *Vasilakos v. Corometrics Medical Systems, Inc.*, 1993 WL 390283 (N.D.Ill. Sept. 30, 1993).[8] In *Vasilakos*, District Court Judge Norgle noted the general rule prohibiting a plaintiff from subsequently destroying jurisdiction after a removal arose, because a defendant possessed an important statutory right to remove that should not be subject to a plaintiff's caprice. *Id.* However, noting that Congress had recently enacted a provision allowing a plaintiff to amend a complaint to join an additional non-diverse party after removal (28 U.S.C.A. §1447(e)), Judge Norgle reasoned that a court should inquire into the plaintiff's motive for adding a new party (i.e. whether it is merely to delay or to defeat Federal Jurisdiction); the timing of events; and weigh the risks of prejudice to either party, as well as competing interests of the parties in the control of the respective cases when determining whether joinder should be allowed.   "[The] appropriate standard to apply is a fairness or equities test."

Here, Plaintiff's motivation to join "John Doe" is clearly to defeat diversity.  Plaintiff's only given reasons to join "John Doe" is that Plaintiff has a "basis" to do so and "intended" to do so.  Plaintiff also disingenuously feigns surprise at the Removal, but clearly had notice as he responded to a Request to Admit specifically directed at diversity and the amount in controversy.

The Motion for Leave makes no reference to "John Doe" as being an indispensable party, nor does it make any claim that the Plaintiff could only obtain certain relief from "John Doe" that he could not obtain from Defendant.  The proposed Amended Complaint at Law merely claims that "John Doe" was careless and negligent in carrying out his job duties while in the course and scope of his employment for Defendant.  The proposed amendment is superfluous to

---

[8] A courtesy copy is attached hereto.

the Complaint at Law on file given that Defendant would be responsible for any alleged defective or dangerous condition of its premises which it had reasonable notice.

In *Buttons v National Broadcasting Company, Inc.*, District Judge Tashima questioned the motive of the plaintiff seeking to add three non-diverse employees of a diverse defendant, as well as a local subsidiary of another diverse defendant. 858 F.Supp. 1025 (C.D. Cal. 1994). The court noted that adding those new defendants was highly questionable, as it did not appear that any greater or different relief could be obtained against any of the additional defendants, which the Plaintiff could not obtain from the present defendants. *Id* at 1027. "Thus, it appears that the primary motive in plaintiff's seeking to amend his complaint to add these new defendants is to destroy diversity." *Id.*

It is clear that the Plaintiff's sole motivation in adding "John Doe" as a direct defendant in this cause is to destroy diversity jurisdiction. Any alleged responsibility of "John Doe" for the subject occurrence would have arisen solely due to a duty owed to the Plaintiff as an employee of the subject store. As such, any relief that Plaintiff would be entitled to would be the responsibility of Defendant under *respondeat superior* liability. Therefore, the proposed Amended Complaint at Law is the same cause alleged by Plaintiff under the existing Complaint at Law, specifically wherein Plaintiff alleges in Paragraphs 3 and 8 that Defendant owed a duty to properly maintain the premises and violated said duty by the actions of its agents and employees.[9]

Plaintiff has provided no justification for the joinder of "John Doe." Neither are there any equitable considerations that would favor amendment of the Complaint at Law to add the pseudonymic defendant. However, the Seventh Circuit has suggested another consideration to be made of a motion for leave to amend complaint – the futility of the amendment. *County of*

---

[9] Count I of Plaintiff's Proposed First Amended Complaint at Law.

*Cook v Phillip Morris, Inc.*, 1997 WL 667777 at star 2 (N.D. Ill.).[10]  If the amendment were allowed, the defendants would seek a motion to dismiss Count II on the grounds that it is subsumed by the more general allegations of Count I.  The Plaintiff has set forth no factual basis for a separate cause of action against "John Doe," other than while acting within the course and scope of her employment with Defendant.

III.    CONCLUSION

Plaintiff's attempt to add a "John Doe" defendant as a direct defendant is clearly and solely designed to destroy diversity jurisdiction.  The principles of the Removal Statute would be undermined if a plaintiff were able to circumvent the statute by simply suing a non-diverse employee of a diverse defendant that has removed a state court action to Federal Court on a whim or for strategic purposes alone.  Absent a strong showing that a separate cause and/or fuller relief can be pursued against the non-diverse employee (other than just a *respondeat superior* situation), this blatant attempt at forum shopping cannot be condoned by the granting of the subject motion.

WHEREFORE, for the reasons stated above, Defendant requests this Honorable Court to deny Plaintiff's Motion for Leave.

Respectfully submitted,

By:    _s/ Jason J. Friedl_____

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jjf\3588 Montagne\Motions\Response to Pltffs Mot to Amend.doc

---

[10] A courtesy copy is attached hereto.

NOV-25-2007 11:53AM  FROM-

7-573   P.004/004  F-741

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

VICTOR MONTAGNE )
                    )
        Plaintiff, )
                    )
vs.                 )   Case No.:
                    )
THE HOME DEPOT, INC. )
                    )
        Defendant.  )

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION
07 SEP 27 AM 11:23
FILED

2007L010189
CALENDAR/ROOM D
TIME 00:00
Premises Liability

## COMPLAINT AT LAW

NOW COMES Plaintiff, VICTOR MONTAGNE, by his attorneys,

BAAL & O'CONNOR, and for his complaint against Defendant, THE HOME DEPOT,

INC., states as follows:

1.  Defendant THE HOME DEPOT, INC., is a corporation doing business in

Cook County, Illinois.

2.  Defendant owns, controls, maintains, and operates a department store at

1232 W. North Avenue, Chicago, Illinois.

3.  On or about April 4, 2006 Plaintiff was a business invitee of the

Defendant and was lawfully shopping at Defendant's store, in the course and scope of his

employment with Schaefges Bros. Inc.

4.  Defendant owed Plaintiff a duty to use ordinary care to maintain its

premises in a reasonably safe condition, and to conduct its business activities in a

reasonably safe manner.

5.  On or about April 4, 2006 Plaintiff was standing in a store aisle near one

of Defendant's employees who was retrieving some masonite boards for Plaintiff.


EXHIBIT
A

NOV-25-2007  11:53AM   FROM-
T-573   P.001/002   F-742

6.     At that time and place, Defendant's employee caused a wood plank to fall from the rack or pallet, striking Plaintiff in the face and head, causing serious injuries.

7.     At that time and place, Defendant also created or permitted a condition which presented an unreasonable risk of harm to Plaintiff, specifically a loose plank which could be upset or jostled by one of Defendant's employees, and thus fall upon a customer, such as Plaintiff.

8.     Defendant, by its agents and employees, committed one or more of the following negligent acts or omissions:

(a)     Caused a plank or board to fall from atop a display, rack or pallet, striking Plaintiff;

(b)     Failed to inspect the display, rack or pallet before attempting to remove masonite boards, or otherwise failed to exercise due care when removing these boards while Plaintiff was standing in the area;

(c)     Failed to maintain safe display aisles for Plaintiff, a customer of Defendant;

(d)     Negligently stacked wood in a negligent manner and in an area where they were likely to drop;

(e)     Failed to place warning signs in proper positions or otherwise adequately warn the Plaintiff of these hazardous conditions;

(f)     Violated company policy by allowing a hazardous condition to exist in the store, endangering customers such as Plaintiff.

9.     As a proximate result of one or more of these negligent acts or omissions by the Defendant, THE HOME DEPOT, INC., the Plaintiff, VICTOR MONTAGNE, was

NOV-25-2007 11:53AM   FROM-                           T-573   P.002/002   F-742

severely and permanently injured, and suffered economic and non-economic damages.

WHEREFORE, the Plaintiff, VICTOR MONTAGNE, requests entry of judgment against the Defendant, THE HOME DEPOT, INC., in an amount which a Court and Jury consider fair and reasonable, but in excess of $50,000 plus costs.



BRYAN J. O'CONNOR
One Of Plaintiff's Attorneys

#13773
BAAL & O'CONNOR
221 N. LaSalle Street
26th Floor
Chicago, IL 60601
(312) 236-1814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

| | |
|---|---|
| VICTOR MONTAGNE | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 07 L 013189 |
| THE HOME DEPOT, INC. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING

TO:    Jason J. Friedl
Purcell & Wardrope, Chtd.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603

    PLEASE TAKE NOTICE that on the 18th day of January, 2008 the attached
Plaintiff's Response to Request to Admit Facts was served on the above party.

*Baal & O'Connor*

BAAL & O'CONNOR
221 N. LaSalle Street, Suite 2600
Chicago, IL 60601
(312) 236-1814

## PROOF OF SERVICE

    The undersigned, being first duly sworn on oath, deposes and states that copies of the above were
deposited in the U.S. Mail Chute located at 221 N. LaSalle Street, Chicago, Illinois, in a properly stamped and
addressed envelope to the above named on this 18th day of January, 2008.

*Linda Baar*

Subscribed and sworn to before me
this 19th day of January, 2008.

*Joan Mansch*
Notary Public

OFFICIAL SEAL
JOAN MANSCH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/04/09

EXHIBIT
B

JAN 2 3 2008

FILED-4
08 JAN 18 PH 2:21
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

DOROTHY BROWN CLERK

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-LAW DIVISION

VICTOR MONTAGNE                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )    Case No.:  07 L 10189
                                   )
THE HOME DEPOT, INC.               )
                                   )
            Defendant.             )

### RESPONSE TO REQUST TO ADMIT FACTS

Plaintiff, VICTOR MONTAGNE, by his attorneys, BAAL & O'CONNOR,

Submits his Response to Defendant, THE HOME DEPOT, INC., Request to Admit Facts as.

follows:

1.    The amount of any controversy in this case, including any and all claims of

future damages, is in excess of seventy-five thousand dollars ($75,000), exclusive of any

interest and/or costs.

**Response:** Yes


2.    The time of filing his Complaint at Law on September 27, 2007, the plaintiff,

VICTOR MONTAGNE, was a resident of the state of Illinois.

**Response:** Yes

3.    The time of filing his Complaint at Law on September 27, 2007, the plaintiff,

VICTOR MONTAGNE, was not a resident of the State of Delaware or of the State of Georgia.

**Response:** No

4.    Pursuant to Supreme Court Rule 126, the above facts will be admitted unless,

within said twenty-eight (28) days, the plaintiff files and/or serves a sworn denial, or written

objections of the ground that the requested admissions are privilege, irrelevant, or otherwise improper.

**Response:**

_Victor Montagne_

Subscribed to before me this

17th day of _January_ , 2008.

_Linda Bialek_
Notary Public

> OFFICIAL SEAL
> LINDA BIALEK
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:11/06/10

**FILED**

**JANUARY 28, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

3588 JJF/JPS HD387

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

# 08 C 611

VICTOR MONTAGNE,                )
                                )
             Plaintiff,         )
                                )
v.                              )                    **JUDGE DARRAH**
                                )              **MAGISTRATE JUDGE NOLAN**
THE HOME DEPOT, INC.            )
                                )
             Defendant          )

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT
## COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL

& WARDROPE, CHTD., and pursuant to 28 U.S.C.A. §1332, 1441 and 1446, hereby provides

notice of its removal of this cause pursuant to said statutes and for the following reasons:

1.      On or about September 27, 2007, there was commenced and is now pending in the

Circuit Court of Cook County, Illinois, County Department – Law Division, a certain civil action

under case #07 L 010189, in which Victor Montagne is the plaintiff ("Plaintiff") and Home

Depot USA, Inc., is the sole defendant ("Defendant").[1]

2.      The aforementioned lawsuit is brought by the Plaintiff seeking damages for

personal injuries under a premises liability negligence theory. The Complaint at Law does pray

for damages in excess of $50,000.[2]

3.      The Plaintiff's Complaint alleges that the Plaintiff was struck in the face and head

by a wood plank causing injury to his person, for which injury he alleges that he sustained

permanent injury and suffered economic and non-economic damages.[3]

---

[1] See, Complaint at Law, attached hereto and incorporated herein by reference as Exhibit "A."
[2] Id.



EXHIBIT
C

4.     The Complaint at Law fails to state sufficient facts upon which the case could be removed, as there is no indication therein regarding diversity or that the amount in controversy exceeds $75,000.[4]

5.     On January 23, 2008, Defendant received Plaintiff's Response to Requests to Admit Facts, by which Plaintiff attests to facts demonstrative of complete diversity and that amount in controversy, inclusive of claims for future damages is in excess of seventy-five thousand and 00/100 dollars ($75,000.00).[5]  Prior to this response, Defendant was not aware of the nature and extent of the Plaintiff's claimed damages, nor of his residence at the time of filing his complaint.   Based on the foregoing, the undersigned counsel for the Defendant has a reasonable belief that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

6.     Defendant states that the above lawsuit currently involves a controversy with complete diversity of citizenship between citizens of different states, and Defendant affirmatively states further:

(a)     Per Plaintiff's Response to Requests to Admit Facts, the Plaintiff was at the commencement of this action a resident of the State of Illinois and is not a resident of the State of Delaware or of the State of Georgia;[6]

(b)     Defendant is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

7.     This matter involves a controversy between individuals who are residents of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the

---

[3] Id.
[4] Id.
[5] See, Response to Requests to Admit Facts and Notice of Filing, receipt date stamped, January 23, 2008, attached hereto and incorporated herein by reference as Exhibit "B."
[6] Id.

laws of a state other than Illinois, and who has its principal place of business in a state other than

Illinois, on the other hand. Further, the amount in controversy involves more than Seventy Five

Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for

the United States has original jurisdiction over this lawsuit.

8.     The Defendants' Notice of Removal is timely filed on January 28, 2008 as notice

of the amount in controversy and confirmation of complete diversity was obtained on January

23, 2008.[7]

9.     Attached to and made a part of this Notice of Removal is a copy of the Plaintiff's

Complaint at Law. Further, the following documents known to Defendant have been filed in the

Circuit Court of Cook County, Illinois, County Department – Law Division action under case

#07 L 010189:

- The Summons directed to Defendant;

- Defendant's Appearance and Jury Demand; Motion for Leave to File Appearance, Notice of Motion re: same; Answer, Affirmative Defenses and Discovery; Notice of Filing same; and Order granting leave for same;

- Defendant's Answer and Affirmative Defenses, Proof of Service re: discovery, and Notice of Filing Same;

- Defendant's written discovery propounded upon Plaintiff, inclusive of Supreme Court Rule 213 Interrogatories to Plaintiff, Supreme Court Rule 213(f) Interrogatories to Plaintiff, Demand for Production Pursuant to Supreme Court Rule 237 and 213 (e) to Plaintiff, Supreme Court Rule 214 Request to Produce to Plaintiff Request to Admit Facts Directed to Plaintiff and Notice of Filing same.

To Defendant's knowledge, no other documents or pleadings were filed in said lawsuit.

10.     Notice of the filing of the Defendant's Notice of Removal was given to all parties

as required by law. A true and correct copy of the Notice of Removal was filed with the Clerk of

---

[7] Id.

the Circuit Court of Cook County, Illinois, County Department – Law Division, as provided by law.

11.     With its Appearance filed in the Circuit Court of Cook County, Illinois, County Department – Law Division, Defendant demanded and paid the additional fee for jury demand. Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of the within action from the Circuit Court of the Twelfth Judicial Circuit for St. Claire County, Illinois, to the United States District Court for the Southern District of Illinois, and that the matter be tried before a jury.

Respectfully submitted,


By:     /s/Jason J. Friedl


PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\VJ\A3588 Montagne\Pleadings - Fed\NtcRemoval.doc


4

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 390283 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

▷

Vasilakos v. Corometrics Medical Systems, Inc.
N.D.Ill.,1993.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Diane and George VASILAKOS, Special Administrators of the Estate of Stratton Vasilakos, deceased, Plaintiffs,
v.
COROMETRICS MEDICAL SYSTEMS, INC., a corporation, Defendant.
No. 93 C 5343.

Sept. 30, 1993.

*OPINION AND ORDER*

NORGLE, District Judge:
   *1 Before the court are plaintiffs' motion to amend and motion to remand. Both motions are granted for reasons that follow.

*FACTS*

   The facts of this case, as drawn from the well-pleaded allegations of the complaint, present a tragic set of circumstances. While being cared for by a dedicated staff of physicians, nurses, and support personnel in an institution chartered to reduce pain and suffering and to prolong life, an innocent baby suffered and left this vale of tears. On August 24, 1993, Stratton Vasilakos, an infant, was fatally electrocuted at EHS Christ Hospital ("Christ Hospital") while undergoing treatment. One of Christ Hospital's employees plugged certain patient lead wires of the Neo-Track infant apnea monitor that was being used for Stratton's care directly into a live power source instead of the patient cable connector.

   On August 30, 1993, Stratton's parents, Diane and George Vasilakos (the "plaintiffs"), filed a product liability suit in the Circuit Court of Cook County against defendant Corometrics Medical Systems, Inc. ("Corometrics"), the manufacturer of the apnea monitor. The day after the suit was filed, Corometrics filed a petition for removal, removing the case to the United States District Court for the Northern District of Illinois on the basis of diversity jurisdiction.

   On September 3, 1993, plaintiffs filed the present motion to add Christ Hospital as a party defendant. Because Christ Hospital is an Illinois resident and will accordingly destroy diversity jurisdiction, plaintiffs also motion the court to remand the case to the Circuit Court of Cook County. Plaintiffs assert that they filed the original suit quickly in order to obtain a protective order which they deemed necessary to prevent the destruction or alteration of the infant apnea monitor as well as the power cord and electrode lead wires. Plaintiffs further assert that Christ Hospital was not initially named as a defendant in the swiftly-filed suit in the state court because, at the time plaintiffs filed the suit, plaintiffs had not yet obtained a certificate of merit from a reviewing physician which would allow them to sue the hospital. Plaintiffs are required by the Illinois Code of Civil Procedure, specifically 735 ILCS 5/2-622, to obtain a certificate of merit before filing any medical negligence claim. The plaintiffs obtained a certificate on or about September 3, 1993 and immediately attempted to add Christ Hospital as a party defendant.

   Corometrics opposes the addition of Christ Hospital because it prefers to proceed in federal court. Corometrics argues that the court should not allow plaintiffs to add Christ Hospital and thus effectuate a remand because Christ Hospital is not an indispensable party to the product liability claim against Corometrics. It follows, according to Corometrics, that the plaintiffs' desire to proceed against both Christ Hospital and Corometrics together in one lawsuit does not override Corometrics statutory right to be in federal court.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 390283 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

### DISCUSSION

**\*2** If a plaintiff seeks to join an additional defendant whose joinder would destroy diversity jurisdiction after the original defendant successfully accomplished a removal, the court faces two options: "the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). Corometrics argues that plaintiffs cannot add a party which destroys diversity unless that party is indispensable. *See Smado v. Crawford Mfg. Co.*, 111 F.R.D. 415, 416 (N.D.Ill.1986); *Filippini v. Reno*, 118 F.R.D. 129, 133-34 (D.C.Nev.1987); *Render v. Consolidated Rail Co.*, 585 F.Supp. 630, 631 (N.D.Ill.1984). Prior to The Judicial Improvements and Access to Justice Act of 1988, Pub.L. 100-702, § 1016, 102 Stat. 4669 (1988), which added subsection (e) to 28 U.S.C. § 1447, indispensability of the added party may have been required. *Compare Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815 (9th Cir.1985) (new party must be indispensable); *Render v. Consolidated Rail Co.*, 585 F.Supp. 630 (N.D.Ill.1984) (added nondiverse defendant dropped from removed lawsuit because not indispensable); *Stanhope v. Ford Motor Credit Co.*, 483 F.Supp. 275 (D.C.Tex.1980) (new party must be indispensable) *with Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987) (amendment and remand is matter of discretion); *Walker v. Union Carbide Corp.*, 630 F.Supp. 275 (D.C.Me.1986) (non-indispensable party added even though diversity destroyed; case remanded); *Heatherton v. Playboy, Inc.*, 60 F.R.D. 372 (C.D.Cal.1973) (addition of party neither necessary nor indispensable required remand).

The plain construction of 28 U.S.C. § 1447(e), which employs the word "may," permits the district judge to exercise discretion with respect to joinder and does not require indispensability by its terms. *See Le Duc v. Bujake*, 777 F.Supp. 10, 12 (E.D.Mo.1991); *Carter v. Dover Corp.*, 753 F.Supp. 577, 579 (E.D.Pa.1991); *Heininger v. Wecare Distrib., Inc.*, 706 F.Supp. 860, 862 (S.D.Fla.1989); *see also Hensgens*, 833 F.2d at

1182 (prior to 1988 amendment, remand is matter of discretion). If Congress had intended to require indispensability of the additional defendant it would have made that requirement plain. Instead, the statute provides an option which allows for an amendment and remand if a plaintiff wishes to add an additional defendant that would destroy jurisdiction. Subsection (e) does not condition the power of the court to grant the motion on the indispensability of the party.

Plaintiffs therefore argue that, because of the discretion afforded by § 1447(e), the appropriate standard to apply is a fairness or equities test. The court agrees.

Leave to amend a complaint is freely given when justice so requires. Fed.R.Civ.P. 15(a). The granting of a motion to amend is generally a matter within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir.), *cert. denied,* 498 U.S. 844 (1990). An amendment is not appropriate only "where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir.1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)). It is also permissible to join parties that are subject to joint liability with respect to claims arising out of the same occurrence. *See* Fed.R.Civ.P. 20(a).

**\*3** Against those general principles of amendments, the court must weigh both the jurisdictional concerns and the statutory right of a defendant to proceed in a federal forum. For instance, in order to protect federal jurisdiction, leave to join additional parties is not freely given where the addition of parties would deprive the court of jurisdiction. *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 621 (S.D.N.Y.1984); *see also* Fed.R.Civ.P. 19(a) (necessary party shall be joined if joinder will not deprive court of subject matter jurisdiction).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 390283 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

Moreover, when a case comes before a federal court on a petition for removal, it is well-established that a plaintiff cannot do subsequent acts to destroy jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938) (post-removal amendment limiting plaintiff's claim did not authorize remand); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 367 (7th Cir.1993) (suggesting post-removal stipulation as to jurisdictional amount is improper basis for remand); *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (post-removal affidavit or stipulation as to jurisdictional amount improper basis for remand); *Skinner v. American Oil Co.,* 470 F.Supp. 229, 234 (S.D.Iowa 1979); *see also In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 708-09 (7th Cir.1992) (appellate court has authority to rescind a remand of a properly removed case that was based on subsequent events). The rule prohibiting a plaintiff from subsequently destroying jurisdiction after a removal arises because a defendant possesses an important statutory right to remove that should not be subject to a plaintiff's caprice, *see St. Paul Mercury,* 303 U.S. at 294, and because the existence of federal jurisdiction on removal is determined by the facts that exist when the complaint is originally filed, *Newman-Green, Inc. v. Alfonzo-Larrain,* 109 S.Ct. 2218, 2222 (1989). That rule, however, has usually been limited to changes in jurisdictional amount, or changes in residents of the parties during the suit. Allowing a plaintiff to amend the complaint to join an additional, nondiverse party is justified, however, because Congress has allowed this procedure by the advent of § 1447(e).

Courts addressing the joinder of nondiverse parties after a defendant perfects a removal have considered many factors relating to fairness, judicial economy, and equity. Where the addition of a nondiverse party serves the interest of efficiency and economy, an amendment and remand is appropriate. *Heininger,* 706 F.Supp. at 862. The factors taken into account when considering joinder and remand have included (1) the extent to which the joinder of the nondiverse party is sought merely to

defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) the balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed; and (4) any other equitable considerations, including defendants's interest in maintaining a federal forum. *See, e.g., Brown v. Southern Pacific Transp. Co.,* 132 F.R.D. 451, 454-55 (E.D.Tex.1990); *Hughes v. Promark Lift, Inc.,* 751 F.Supp. 985, 987 (S.D.Fla.1990); *Le Duc,* 777 F.Supp. at 12; *Heininger,* 706 F.Supp. at 862-63; *also see Sotomayor v. Uniroyal Goodrich Tire Co.,* No. 93 C 1440, 1993 WL 344343, 1993 U.S.Dist. LEXIS 9444 at \*6-7 (N.D.Ill. July 7, 1993) (setting forth discretionary factors); *Amon v. Nelson,* 1992 WL 8337 at \*4,U.S.Dist. LEXIS 280 at \*10-11 (S.D.N.Y. Jan. 15, 1992) (setting forth factors). *Compare Hensgens,* 833 F.2d at 1182 (setting forth discretionary factors prior to enactment of § 1447(e)).

\*4 The court therefore concludes that it should inquire into the plaintiffs' motive for adding the new party (i.e whether it is merely to delay or to defeat federal jurisdiction) and into the timing of events; and the court should weigh the risks of prejudice to either party as well as the competing interests of the parties in the control of their respective cases. Accordingly, although the court cannot be a rubber stamp for amendments adding nondiverse parties, a requirement that the new party be indispensable is too uncompromising of a protection of a defendant's statutory right at the expense of a plaintiff's right or ability to pursue his or her action in the most feasible and efficient manner available. Judicial economy and fair and equitable process of litigation are comparably important concerns.

In the case *sub judice,* the court concludes that the above factors justify allowing the amendment and remanding the case. First, the federal courts' concern that a plaintiff may defeat the defendant's

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 390283 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 4

right to removal is not aroused by the circumstances surrounding the procedural background of this case. The concern is to ensure the plaintiff is not purposefully attempting post-removal actions which are designed solely to accomplish a remand. *Desert Empire Bank v. Insurance Co. of North Am.,* 623 F.2d 1371, 1376 (9th Cir.1980); *Adorno Enters., Inc. v. Federated Dep't Stores, Inc.,* 629 F.Supp. 1565, 1570 (D.R.I.1986). The plaintiffs' motivation here appears to avoid multiple litigation, rather than to avoid federal jurisdiction, and thus an amendment and remand is generally proper. *See McIntyre,* 103 F.R.D. at 621-22. There is no suggestion that plaintiffs are merely attempting to avoid federal jurisdiction. Plaintiffs were required by the Illinois Code of Civil Procedure to await a certificate of merit before filing suit against Christ Hospital. Plaintiffs diligently pursued that task and immediately sought the addition of Christ Hospital after obtaining the certificate. Thus, all the circumstances surrounding this case point to a legitimate, good-faith basis for the addition of Christ Hospital.

Second, the motion to amend the complaint comes only three days after the notice of removal was filed and four days after the case itself was filed. The close proximity between the time the motion to amend was filed and the time the complaint and notice of removal were filed weighs heavily in favor of allowing plaintiffs to amend. Further, that the plaintiffs were in the process of seeking to join both defendants together in the state court suit contemporaneously with the time of removal demonstrates that the plaintiffs were not dilatory in pursuing the amendment and thus an amendment is warranted. *See Carter,* 753 F.Supp. at 580.

Third, Corometrics will suffer no prejudice if the court allows plaintiffs to amend the complaint and to proceed in state court. No discovery has been embarked on and plaintiffs have already proceeded in state court by obtaining an emergency protective order. The plaintiffs are more likely to be prejudiced if forced to pursue multiple litigation in federal and state court than Corometrics would be by defending the suit in state court. In fact, federal civil practice encourages the joinder of claims and parties in order to better accommodate judicial efficiency and to avoid wasteful duplication. *See* Fed.R.Civ.P. 18, 19 & 20. The balance of equities, therefore, favors amendment and remand.

**\*5** In sum, the present claims arise under the same set of circumstances and are appropriate for joint resolution. Corometrics does possess an important right to remove a case, but Congress has also made it apparent by § 1447(e) that that right is subject to the joinder of fellow joint tortfeasors. The right to remove a case is protected by considering the appropriate equitable factors. Accordingly, in order to avoid wasteful duplication of effort, and given the absence of delay and absence of prejudice to be experienced by Corometrics, the plaintiffs' motions are granted.

### CONCLUSION

For the reasons stated above, the plaintiffs' motions to amend the complaint and to remand are granted. The case is to be remanded to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(e).

IT IS SO ORDERED.

N.D.Ill.,1993.
Vasilakos v. Corometrics Medical Systems, Inc.
Not Reported in F.Supp., 1993 WL 390283 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.                                                                    Page 1
Not Reported in F.Supp., 1997 WL 667777 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

**C**
County of Cook v. Philip Morris, Inc.
N.D.Ill.,1997.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois.
COUNTY OF COOK, Plaintiff,
v.
PHILIP MORRIS, INC., et al., Defendants.
**No. 97 C 3295.**

Oct. 17, 1997.

**MEMORANDUM AND ORDER**

MANNING, J.

*1 This matter is before the court on motion of County of Cook, plaintiff herein, for leave to amend complaint to add party defendants. As discussed in greater detail below, plaintiff's motion is granted.

**BACKGROUND**

The relevant background for purposes of the instant motion is as follows: On April 17, 1997, plaintiff filed a complaint in the Circuit Court of Cook County against defendants Philip Morris, Inc., R.J. Reynolds Tobacco Co., American Tobacco Co., Inc., Brown & Williamson Tobacco Corp., Liggett & Myers, Inc., Lorillard Tobacco Co., Inc., United States Tobacco Company, B.A.T. Industries, P.L.C., British American Tobacco Company, LTD., Hill & Knowlton, Inc., The Council for Tobacco Research-U.S.A., Inc., and Tobacco Institute, Inc. None of these defendants is a citizen of Illinois. On May 2, 1997, defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as the parties were completely diverse from each other.

On July 23, 1997, plaintiff filed the instant motion to amend its complaint. The amendment seeks to name as defendants: (a) Leo Burnett USA,

Chicago, a corporation that developed, created, marketed, and sustained the "Marlboro Man" for named defendant Philip Morris; (b) Euro RSCG Tathan-Chicago, a corporation that developed advertising, marketing, and media campaigns for named defendant Brown & Williamson; (c) Roper Starch Worldwide, a corporation involved in the polling and marketing campaigns of named defendant Philip Morris; (d) Roper Researchers Associates of New York, an entity also involved with polling and media campaigns for named defendant Philip Morris; (e) Young & Rubicam, Inc., a corporation that conducted advertising, marketing, and polling campaigns for various named defendant tobacco companies and other tobacco-related entities; and (f) Mezzina/Brown, Inc., a corporation that developed, created, marketed, and sustained "Joe Camel" for and with named defendant R.J. Reynolds. Adding Illinois resident defendants Leo Burnett USA, Chicago, and Euro RSCG Tathan-Chicago to the complaint, would destroy diversity between the parties.[FN1] As such, this court would be required to remand the case to the Circuit Court of Cook County. *See* 28 U.S.C § 1447(e).

> FN1. Plaintiff seeks to join six new party defendants. Plaintiff claims in a bold heading that "Six of the advertising defendants are Illinois residents and would therefore destroy this court's diversity subject matter jurisdiction." However, in the very next sentence, plaintiff states that "Cook County wishes to apprise this Court that *several* of the new party defendants are Illinois residents, namely: Leo Burnett USA, Chicago, a corporation, and Euro RSCG Tathan-Chicago, a corporation." For purposes of this motion, we consider only Leo Burnett USA, Chicago, and Euro RSCG Tathan-Chicago, to be residents of Illinois, as the joinder of either Illinois corporation would destroy the diversity jurisdiction of this court.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 667777 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

Page 2

Plaintiff asserts that these advertising, marketing and polling defendants, hereinafter the "Advertisers," are the "primary culprits" and "lethal weapons" used by the tobacco industry to advertise and market cigarette products in an ongoing unlawful campaign aimed at Cook County's public, particularly its teenagers. Plaintiff further asserts that the Advertisers share in the same "misconduct leveled against the tobacco companies," to wit: "knowingly, purposefully and intentionally" furthering an industrywide "conspiracy to defraud the public and unlawfully encourage minors to smoke."

Defendants vehemently oppose the motion for leave to amend complaint to add parties defendant. Primarily, defendants contend that plaintiff's sole purpose for its motion to amend complaint is to add non-diverse party defendants to destroy diversity jurisdiction. Defendants argue that this action should not be remanded to state court because of the "plaintiff's caprice." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 593, 82 L.Ed. 845 (1938). Moreover, defendants aver that their statutory right to remove (to federal court on diversity jurisdiction) should be preserved rather than destroyed. *See e.g., Filippini v. Ford Motor Co.,* 110 F.R.D. 131, 133-138 (N.D.Ill.1986). In addition, defendants claim that plaintiff seeks to add unmeritorious claims.

## DISCUSSION

*2 Plaintiff moves this court for leave to amend complaint to add party defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend [its] pleading only by leave of court ... and leave shall be freely given when justice so requires." Defendants contend that the court should not "freely" give leave to amend where leave to amend, for the purpose of adding non-diverse defendants, would "deprive the court of jurisdiction." *Vasilakos v. Corometrics Medical Systems,* No. 93 C 5343, 1993 WL 390283, *3 (N.D.Ill. Sept.311, 1993). It is under 28 U.S.C. §

1447(e), however, that this court retains discretion in this matter. 28 U.S.C. § 1447(e) states as fol- lows:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*See also Campbell v. Ingersoll Milling Mach. Co.,* 893 F.2d 925, 927 (7th Cir.1990), *cert. denied,*498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990) (*stating*"Whether to grant or deny leave to amend is within the district court's discretion") (*citations omitted* )).

In determining whether to allow joinder under 28 U.S.C. § 1447(e), courts in this district have considered as a matter of discretion such factors relating to equity, fairness, and judicial economy as "(1) plaintiff's delay in seeking to amend; (2) plaintiff's motivation in moving to amend; (3) the possibility of multiple lawsuits; and (4) other equitable considerations, including prejudice, if any, to defendant[s]." *Dugo v. Atchison Topeka and Santa Fe Railway Co.,* No. 95 C 4544, 1996 U.S. Dist. LEXIS 115, *3-4 (N.D.Ill. Jan. 5, 1996) (*citing Vasilakos,* 1993 WL 390283, at *3; *Goutanis v. Mutual Group (US),* No. 92 C 1689, 1985 WL 86588, *6 (N.D.Ill. Feb. 24, 1995)). *See also Skipper v. Index Futures Group, Inc.,* No. 91 C 1624, 1995 WL 493435, *4 (N.D.Ill. Aug.15, 1995) (Generally, the district court should consider the undue delay, bad faith, and dilatory motive of the plaintiff)); *Pope v. Crandall,* No. 93 C 3061, 1994 WL 55731, *1 (N.D.Ill. Feb.22, 1994). The Seventh Circuit has suggested yet another consideration to be made of a motion for leave to amend complaint-the futility of the amendment. *McGee v. Kerr-Hickman Chrysler Plymouth, Inc.,* 93 F.3d 380, 385 (7th Cir.1996) (*citing Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1180-81 (7th Cir.1992)); *J.D. Marshall Int'l, Inc. v. Restart, Inc.,* 935 F.2d 815, 819 (7th Cir.1991) (*quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 667777 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

Page 3

An amendment is futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir.1992) (*citations omitted*).

## A. Section 1447(e): Equities and Considerations

### I. Plaintiffs Delay

The first element for consideration is whether plaintiff has been dilatory in seeking amendment. Defendants removed this case on May 2, 1997. Plaintiff notes that it sought its request to amend "only two months" later, on July 23, 1997. During the "two month" period, however, no pleadings were filed by defendants, no discovery had been conducted, no court schedules were set, and the court did not address any substantive or procedural issues in this case. Two months and three weeks is hardly an undue delay, especially where no significant activity has occurred in the action. As such, these factors weigh in favor of granting plaintiff leave to amend complaint to add new party defendants.

### II. Plaintiff's Motivation in Moving to Amend

**\*3** Defendants argue that the timeliness issue must focus nearer upon the motives of plaintiff in not seeking to include the Advertisers in the original complaint. Plaintiff does not explain why such a delay was necessary. Plaintiff certainly anticipated defendants' removal to federal court based on jurisdiction. Plaintiff discussed the *role* of the Advertisers in the original complaint, i.e., discussed in some length the marketing techniques used by the Advertisers at the direction of the tobacco industry leaders to target the sale of cigarette products to the Cook County public, including its teenagers. The case of *State of Illinois v. Philip Morris, et al.*, No. 96 L 13146 (Cook Co. Cir.Ct.), an action similar to the instant matter, brought by the State of Illinois against the tobacco industry, was pending at the time of plaintiff's original complaint. Why did plaintiff not join the State of Illinois matter at its

natal stage? Why did plaintiff not include the Advertisers in the original complaint, rather than seek their inclusion two steps later, following defendants' removal to federal court? Some suspicion of plaintiff's motives is brought to light. *See Vasilakos*, 1993 WL 390283, at \*4 (*citations omitted*) ("The [federal courts'] concern is to ensure [that] the plaintiff is not purposefully attempting post-removal actions which are designed solely to accomplish a remand")).

Plaintiff's memoranda cites a number of cases to demonstrate a number of legal points, however, the thread that runs through each, where timeliness is an issue, is that in each case, some reasonable explanation is made by the plaintiff for the delay. For example, in *Sotomayor V. Uniroyal Goodrich Tire Company*, No. 93 C 1440, 1993 WL 179784, \*1 (N.D.Ill. May 24, 1993), plaintiff moved to amend his complaint almost two months after the original complaint was filed in state court. Plaintiff, however, represented to the court that the non-diverse party he sought to add to the complaint was indeed available for inclusion in the original complaint, but plaintiff omitted him pending an investigation into where that defendant could be served with process. *Id.* In *Dugo*, 1996 U.S. Dist. LEXIS 115, at \*4, plaintiff moved to amend her complaint two weeks after the case was removed. Plaintiff explained that, despite knowing the identity of the non-diverse defendants she sought to join, she was not aware of their "precise duties and responsibilities" at the time she filed her original complaint. In *Vasilakos*, 1993 WL 390283, at \*4, plaintiffs moved to amend their complaint three days after the notice of removal. Plaintiffs explained that despite knowing at the time of the original complaint of the existence of the additional non-diverse defendant, plaintiffs were required by the Illinois Code of Civil Procedure to obtain a certificate of merit prior to that defendant's joinder. Once that certificate was obtained, after due diligence, plaintiffs moved for leave to amend the complaint to add that new party defendant.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 667777 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

**\*4** In the instant matter, plaintiff offers no explanation regarding its failure to include the Advertisers in the original complaint. Without explanation, it is certainly suspect that plaintiff seeks leave to amend its complaint to add new parties for the sole purpose of defeating the court's diversity jurisdiction. This factor militates heavily in defendants' favor against granting the amendment.

### III. The Possibility of Multiple Lawsuits

Plaintiff assures the court that it will proceed with a separate action in state court against the non-diverse Advertisers in the event the court denies its motion for leave to amend complaint. This, of course, assumes that the statute of limitations has not run against the Advertisers. This matter requires some careful balancing of defendants' interests in preserving its diversity in a federal forum with the various interests for and against parallel federal and state court proceedings. Considerations of efficiency and cost are certainly paramount to this "balance of the equities." *See Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987). Plaintiff contends that a single trial on the merits of this action will accommodate equity, economy, and efficiency. The court agrees.

On the one hand, defendants removed this matter to federal court and such action should be given some respect. Defendants assert that their right to federal jurisdiction should not be divested by adding non-diverse defendants. On the other hand, consolidation of this matter would reduce costs of litigation to both parties, avoid duplicative discovery to the parties and their numerous experts, eliminate the possibility of inconsistent verdicts and court rulings, reduce the burden on two, perhaps three courtrooms, and ultimately reduce the time and expense of resolving these matters.

All of these considerations weigh in favor of amendment of the complaint, and an order for remand of this action. Certainly, a single forum for "intertwined" issues fully serves judicial equity and economy. *See* Fed.R.Civ.P. 18, 19, & 20.

### IV. Other Considerations, Including Undue Prejudice to Defendants

There will be no substantial prejudice to defendants if non-diverse parties are joined in this matter, and the action is remanded to state court. First, defendants make no special plea to the court that prejudice is inevitable if the non-diverse parties are joined and the matter is remanded to the state court. Second, the State of Illinois has a case pending against the tobacco industry, including the "very same defendants" in the instant matter. *See State of Illinois v. Philip Morris, et al.,* No. 96 L 13146 (Cook Co. Cir.Ct.). Certainly, to defend against one consolidated suit alleging similar civil complaints would be more efficient and cost-friendly to the defense, and less prejudicial to the defense where possible inconsistent verdicts and rulings could otherwise be reached. Third, the pre-trial matters including exhaustive discovery beg for some continuity and consolidation on behalf of the defendants. The fact that no discovery has begun in this matter is critical. In balancing the equities, given the lack of prejudice to the defendants, the scale weighs in favor of granting plaintiff leave to amend complaint, adding non-diverse parties, and remanding this action to state court.

### B. Fraudulent Joinder

**\*5** Defendants further argue that the proposed amended complaint against the non-diverse Advertisers fails to state a cognizable claim for recovery. If no such valid claim exists, the amendment would be futile and the denial of plaintiff's motion for leave to amend would be in order. *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir.1992). Defendants insist that the amended complaint against the Advertisers is tantamount to a "fraudulent joinder" that would have "no chance of success" in state court. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992). The court addresses these contentions.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 5
Not Reported in F.Supp., 1997 WL 667777 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Joining a non-diverse defendant for the purpose of destroying diversity jurisdiction is a fraudulent joinder. Fraudulent joinder occurs when, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against an in-state defendant." [FN2] *Id.* Diversity jurisdiction cannot be destroyed by joinder of non-diverse parties if the joinder is fraudulent. *Hoosier,* 34 F.3d at 1315 (*quoting Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993)). However, where a plaintiff, in fact, has a valid cause of action against a non-diverse party, "plaintiff's motion to amend his complaint should not be construed as fraudulent." *Kelly v. Boeing Petroleum Services, Inc.,* Civ. A. No. 93-0422, 1993 WL 268428, *2 (E.D.La. July 14, 1993) (*citing Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987)).

> FN2. "Fraudulent joinder [also] occurs where ... there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1314-1315 (7th Cir.1994). No such allegation, however, has been made by defendants in this matter.

In 1992, the Seventh Circuit addressed for the first time issues of fraudulent joinder in *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992). The "heavy burden" of proving fraudulent joinder rests with the removing party. *Veugeler v. General Motors Corp., et al.,* 1997 WL 160749, *2 (N.D.Ill. Apr.2, 1997) (*quoting Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992)). The *Poulos* Court stated that the federal court "must engage in an action of prediction: is there any reasonable possibility that a state court would rule against the nondiverse defendant?" *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992)"If Defendants fail to meet their 'heavy burden' of proving there is not 'any reasonable possibility' of Plaintiffs' winning, they have not proved fraudulent joinder, and the case must be remanded back to state court for want

of diversity." *Johnson v.. AMR Corp., et al.,* Nos. 95 C 7659-95 C 7664, 1996 WL 164415, *2 (N.D.Ill. Apr.3, 1996) (*quoting Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992)). Thus, the issue here is whether defendants have properly shown that plaintiff's complaint fails to state a cause of action against the Advertisers. Plaintiff's amended complaint states the following:

These advertising, marketing and polling defendants individually and in conspiracy with the tobacco companies knowingly, purposefully and intentionally defrauded the public, endangered the public health, caused smoking addictions among minors and the population generally and knowingly caused countless billions of dollars worth of damage to the public health including that of the citizens and residents of Cook County and thereby forced plaintiff to make expenditures for smoking related illnesses because of but not limited to ... [a number of overt acts designed to attract teenage smokers.]

*6 The gravamen of plaintiff's complaint, as it relates to the Advertisers, is simple: the Advertisers "individually and in conspiracy with the tobacco companies knowingly, purposefully and intentionally defrauded the public, endangered the public health, ..." and so on. In a conspiracy to defraud case, the elements of a cause of action include "(1) a conspiracy; (2) an overt act of fraud in furtherance of the conspiracy; and (3) damages to the plaintiff as a result of the fraud." *Bosak v. McDonough,* 192 Ill.App.3d 799, 803, 549 N.E.2d 643, 646, 139 Ill.Dec. 917, 920 (1st Dist.1989)*(citations omitted).* A "conspiracy" is a combination of two or more persons joined "to accomplish by concerted action an unlawful purpose or a lawful purpose by unlawful means." *Abell v. First National Bank,* 153 Ill.App.3d 946, 948, 506 N.E.2d 684, 686, 106 Ill.Dec. 884, 886 (5th Dist.1987) (*quoting Celano v. Frederick,* 54 Ill.App.2d 393, 401 n. 3, 203 N.E.2d 774 (1st Dist.1964)). It is widely held in Illinois that "the gist of a civil action based upon a conspiracy is not the conspiracy or combination in itself, but rather

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 667777 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

the overt acts committed in pursuance of the con-spiracy." *Commercial Products Corp. v. Briegel,* 101 Ill.App.2d 156, 164, 242 N.E.2d 317, 321 (3rd Dist.1968) (*citations omitted* ). It is incumbent on the plaintiff to prove "wrongful overt acts (or acts which, because of the object of the conspiracy may be deemed wrongful), in furtherance of a conspir-acy before an action will lie." *Id.*

In an effort to "engage in an action of predic-tion," the court believes the plaintiff has stated a vi-able and non-futile cause of action against the Ad-vertisers.[FN3] First, a "conspiracy" to defraud the public, etc., as it is defined above, is alleged by plaintiff. The conspiracy includes: the union between the tobacco manufacturers and the Advert-isers to accomplish a concerted action of selling to-bacco products that all parties knew were fatally dangerous. This alleged operation was driven by an unlawful purpose (the sale of cigarettes and other tobacco products to underage users), or a lawful purpose by unlawful means (the false and fraudu-lent advertising of a known health risk, tobacco). Second, plaintiff alleges the requisite "overt act[s] of fraud in furtherance of the conspiracy," to wit: the purposeful and knowing development, creation, marketing, etc. of advertising campaigns that were directed at underage smokers. According to the amended complaint, the Advertisers "suppressed and misrepresented material informa-tion with the intent that others rely on such misrep-resentations and suppression and in an effort to de-ceptively, unfairly and unlawfully encourage minors to violate the declared public policy of the State of Illinois." [FN4] Third, plaintiff alleges that the damages, "as a result of the fraud," include the "billions of dollars" assessed to plaintiff through health care expenditures.

FN3. Plaintiff has no burden to prove the merits of well-pleaded allegations in order to add a non-diverse defendant. *Carrier v. Sears Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990).

FN4. Plaintiff alleges, for example, that in

furtherance of a conspiracy to defraud, the Advertisers, in conjunction with the to-bacco manufacturers:

a. Placed color cigarette advertisements in youth-oriented publications including publications with 2 million or more readers under 18 years of age or 15% readership by minors;

d. Advertised smoking and market and cigar-ette usage in family oriented venues and venues tar-geted at minors including but not limited to arcades and movie theaters;

f. Participated in the development and imple-mentation of tobacco advertisements near schools and playgrounds;....

*7 Plaintiff's amended complaint is adequate in regard to the aforementioned standards for alleging a conspiracy to defraud. Plaintiff does not merely allege some wrongful affiliation between the to-bacco industry and the Advertisers. Plaintiff ties all parties together with a common scheme to defraud, alleging the knowing, purposeful and intentional coordination of advertising, marketing, and polling efforts designed to sell tobacco products to teen-agers (unlawful purpose) or to the entire public through campaigns of fraud (unlawful means). Moreover, the Advertisers were allegedly paid hun-dreds of millions of dollars to effect such cam-paigns on behalf of the tobacco manufacturers. The methods of the alleged conspiratorial operation are pleaded with particularity sufficient to sustain, in this court's predictive view, a challenge to the viab-ility of the cause of action.

After viewing all positions and interests, and in the exercise of the court's sound discretion, plaintiff's motion for leave to amend its complaint to add new party defendants is granted.

As a final note, despite the possible "transparent" motives of plaintiff for seeking to add non-diverse parties (for the purpose of defeating div-ersity jurisdiction), a great number of equitable reasons exist to grant plaintiff's motion: No discov-ery has commenced; plaintiff was not dilatory in bringing this motion; the court has ruled neither on

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 667777 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 7

substantive nor procedural issues; plaintiff intends to join the *State of Illinois v. Philip Morris, et al.*, No. 96 L 13146 (Cook Co. Cir.Ct.) case currently pending in state court, a matter that will diminish the risk of inconsistent verdicts and court rulings based on differences of federal and state law; consolidation of the cases will reduce the waste associated with dual trials, including duplicative discovery and scheduling, extensive court costs, management of numerous experts, etc.; no significant prejudice will come to defendants in defending against these allegations in one consolidated forum; and so on. To deny plaintiff's motion to amend in this matter "would result in piecemeal litigation, one of the evils the remand statute is designed to avoid." *Struthers v. Wehner,*1994 U.S. Dist. LEXIS 5255, *5 (N.D.Ill. Apr. 20, 1994) (Aspen, J.).

At times, as here, equity's scale rests without ease. The center cannot hold. The weight of a disingenuous motive falls with great force. But justice-that balance of equities-pauses, carefully. In this matter, the settled weight of all of the issues rests in favor of granting plaintiff leave to amend its complaint. Justice requires as such.[FN5]

> FN5. Defendants seek some alternative relief from the court under Rule 21 of the Federal Rules of Civil Procedure. Rule 21 states as follows:
> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.
> Rule 21 addresses the misjoinder of parties, and grants discretion to the court to cure such defects. In the instant matter, however, misjoinder does not exist. Moreover, in light of all of the equitable factors discussed at length in this order, the court sees no reason to allow joinder under 1447(e), yet deny joinder under Rule 21. To do so would result in judicial waste, something the court sees no reason to encourage.

## CONCLUSION

For all the foregoing reasons, plaintiff's motion for leave to amend complaint to add party defendants is granted.

N.D.Ill.,1997.
County of Cook v. Philip Morris, Inc.
Not Reported in F.Supp., 1997 WL 667777 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.