UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR MONTAGNE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 08 C 611 |
| ) | Hon. John Darrah |
| THE HOME DEPOT, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT JOINING ADDITIONAL PARTY DEFENDANT

Plaintiff, VICTOR MONTAGNE, by his attorneys, BAAL & O'CONNOR, moves this Court to grant Plaintiff leave to file First Amended Complaint, instanter, adding John Doe, an employee of Home Depot Inc and an Illinois Resident, as party-defendant. In reply to Defendant's Response to this motion, Plaintiff states as follows:

1. This case involves an injury to the Plaintiff when a wood plank fell and hit his eye while he was shopping at The Home Depot store. Plaintiff has filed a Motion to Amend the Complaint at Law adding John Doe, the Home Depot employee and Illinois Resident, who among allegations, actually directly caused the wood plank to hit the Plaintiff and cause injury.[1] As stated in Plaintiff's motion, Plaintiff clearly has a cause of action against this employee as he directly caused the injury to the plaintiff in this case. Defendant's claim there is no basis for this cause of action is unfounded. The employee committed an act of negligence and therefore can be held responsible for such negligence. Moreover, it is clearly permissible to add parties that are subject to joint

---

[1] See First Amended Complaint at law attached hereto and incorporated by reference as Exhibit "A."

liability with respect to claims from the same occurrence. Vasilakos v. Corometrics, 1993 WL 390283 at *2 (N.D. Ill. 1993). In fact, it is common that the party and his employer are added as separate parties and causes of action. This is analogous to the case of a truck driver and his employer which are also clearly separate causes of action but are routinely named both as parties to a lawsuit arising from the same cause of action. Defendant has no basis to try to direct the Plaintiff to not pursue a cause of action against the employee, especially when this particular employee actually caused the injury in this case and no discovery has been done. Contrary to Defendant's unsupported claims, the sole purpose of adding John Doe is not to destroy diversity jurisdiction. Plaintiff in fact informed Defendant of its intention to add the party before the case was removed and has sufficiently alleged facts in support of his cause of action against the individual employee in this case.

2.     Defendant's own caselaw supports the granting of this motion as both the Vasilakos case, Vasilakos v. Corometrics Medical Systems, Inc., 1993 WL 390283 (N.D. Ill. Sept. 30, 1993) and the County of Cook case, County of Cook v. Phillip Morris, Inc., 1997 WL 667777 (N.D. Ill. Oct. 17, 1997) allowed amendment of the complaint and held removal was proper.

3.     Considering the factor of Plaintiff's delay in this case, the Plaintiff actually acted in order to avoid any delay in this matter by seeking to amend the complaint prior to receiving notice of the removal. Other than the issuance of discovery, Plaintiff has not received any discovery from the Defendant in this matter and thus is amending the complaint actually in advance of when he would normally do so. Therefore, there is no delay in the matter before us.

4. When considering Plaintiff's motivation in moving to amend, Plaintiff is simply acting to amend a complaint adding a valid cause of action against a proper party directly involved in this action. Normally, Plaintiff would wait until formal discovery to add the party by proper name. However, because Defendant filed his motion now for removal, it is logical that Plaintiff should make his amendment now, rather than have discovery completed in federal court and then move for the amendment. It simply serves the best interests of the parties and the Court if the amendment is made now, rather than later. In addition, a defendant relying on fraudulent joinder, has the **"heavy"** burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is **no possibility** the plaintiff can establish a cause of action against the diversity-defeating defendant in a state court. <u>Rutherford v. Merck & Co., Inc.</u> 428 F.Supp.2d 842 (S.D.Ill.2006). In this case, Defendant has clearly not met this burden of proof as Plaintiff has alleged sufficient facts in support of adding a valid cause of action against the person who caused the injury in this matter.

5. In addition, there will be no substantial prejudice to defendants if the employee and non-diverse party is added and this case is remanded to the state court. As stated earlier, besides the issuance of written discovery in this case, this case is in the very early stages; there has been no written discovery answered, no documents received from the defendant and no oral depositions in this case. "The fact that no discovery has begun in this matter is critical. In balancing the equities, given the lack of prejudice to the defendants, the scale weighs in favor of granting plaintiff leave to amend complaint, adding non-diverse parties, and remanding this action to state court." <u>County of Cook v. Philip Morris, Inc.</u>, 1997 WL 667777 at *4 (N.D.Ill. 1997).

6.      Defendant's reliance on the <u>Buttons</u> case is clearly misplaced as this case is not a seventh circuit case. See <u>Buttons v. National Broadcasting Company, Inc.</u>, 858 F. Supp. 1025 (C.D. Cal. 1994).For the factors stated above and the cited cases, the fair equities test in this case favors allowing amendment of the complaint.

7.      Moreover, Defendant's reference to the fact that Plaintiff did not name John Doe as in indispensable party is clearly irrelevant as Defendant's own caselaw holds that joinder does <u>NOT</u> require a party to be indispensable.  See <u>Vasilakos v. Corometrics</u>, 1993 WL at *1 (N.D. Ill. 1993) Furthermore, "leave to amend a complaint is freely given when justice so requires." <i>Id</i>.

WHEREFORE, for the reasons stated in the Motion to Amend Complaint and in this Reply, Plaintiff, VICTOR MONTAGNE, moves this Court to grant his Motion to File 1st Amended Complaint at Law and for all other relief this Honorable Court deems fit.

S/ Bryan J. O'Connor Jr.\_\_\_\_\_
Bryan J. O'Connor Jr