IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

VICTOR MONTAGNE )
)
**Plaintiff,** )
)
vs. ) Case No.: 07 L 10189
)
THE HOME DEPOT, INC., and )
John Doe, an Illinois Resident, )
**Defendant.** )

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, VICTOR MONTAGNE, by his attorneys, BAAL & O'CONNOR, and for his complaint against Defendant, THE HOME DEPOT, INC., states as follows:

1. Defendant, THE HOME DEPOT, INC., is a corporation doing business in Cook County, Illinois.

2. Defendant owns, controls, maintains, and operates a department store at 1232 W. North Avenue, Chicago, Illinois.

3. On or about April 4, 2006, Plaintiff was a business invitee of the Defendant and was lawfully shopping at Defendant's store, in the course and scope of his employment with Schaefges Bros. Inc.

4. Defendant owed Plaintiff a duty to use ordinary care to maintain its premises in a reasonably safe condition, and to conduct its business activities in a reasonably safe manner.

5. On or about April 4, 2006 Plaintiff was standing in a store aisle near one of Defendant's employees, who was retrieving some masonite boards for Plaintiff.

6. At that time and place, Defendant's employee caused a wood plank to fall from the rack or pallet, striking Plaintiff in the face and head, causing serious injuries.

7. At that time and place, Defendant also created or permitted a condition which presented an unreasonable risk of harm to Plaintiff, specifically a loose plank which could be upset or jostled by one of Defendant's employees, and thus fall upon a customer, such as Plaintiff.

8. Defendant, by its agents and employees, committed one or more of the following negligent acts or omissions:

   (a) Caused a plank or board to fall from atop a display, rack or pallet, striking Plaintiff;

   (b) Failed to inspect the display, rack or pallet before attempting to remove masonite boards, or otherwise failed to exercise due care when removing these boards while Plaintiff was standing in the area;

   (c) Failed to maintain safe display aisles for Plaintiff, a customer of Defendant;

   (d) Negligently stacked wood in a negligent manner and in an area where they were likely to drop;

   (e) Failed to place warning signs in proper positions or otherwise adequately warn the Plaintiff of these hazardous conditions;

   (f) Violated company policy by allowing a hazardous condition to exist in the store, endangering customers such as Plaintiff.

9. As a proximate result of one or more of these negligent acts or omissions by the Defendant, THE HOME DEPOT, INC., the Plaintiff, VICTOR MONTAGNE, was

severely and permanently injured, and suffered economic and non-economic damages.

WHEREFORE, the Plaintiff, VICTOR MONTAGNE, requests entry of judgment against the Defendant, THE HOME DEPOT, INC., in an amount which a Court and Jury consider fair and reasonable, but in excess of $50,000 plus costs.

### COUNT II- NEGLIGENCE AGAINST JOHN DOE

10. Defendant reallages Paragraphs One (1) through Seven (7) as Paragraph 10 of the Complaint at Law.

11. Upon information and belief, at the above time and place Defendant's employee, John Doe, was an Illinois resident.

12. Defendant John Doe owed Plaintiff a duty to use ordinary care to maintain its premises in a reasonably safe condition, and to conduct his business activities in a reasonably safe manner

13. Defendant, John Doe, by his agents and employees, committed one or more of the following negligent acts or omissions:

(a) Caused a plank or board to fall from atop a display, rack or pallet, striking Plaintiff;

(c) Failed to inspect the display, rack or pallet before attempting to remove masonite boards, or otherwise failed to exercise due care when removing these boards while Plaintiff was standing in the area;

(c) Failed to maintain safe display aisles for Plaintiff, a customer of Defendant;

(e) Negligently stacked wood in a negligent manner and in an area where they were likely to drop;

(e) Failed to place warning signs in proper positions or otherwise adequately warn the Plaintiff of these hazardous conditions;

(f) Violated company policy by allowing a hazardous condition to exist in the store, endangering customers such as Plaintiff.

14. As a proximate result of one or more of these negligent acts or omissions by the Defendant, JOHN DOE, an Illinois Resident, the Plaintiff, VICTOR MONTAGNE, was severely and permanently injured, and suffered economic and non-economic damages.

WHEREFORE, the Plaintiff, VICTOR MONTAGNE, requests entry of judgment against the Defendant, JOHN DOE, an Illinois Resident, in an amount which a Court and Jury consider fair and reasonable, but in excess of $50,000 plus costs

_____
BRYAN J. O'CONNOR
One Of Plaintiff's Attorneys

#13773
**BAAL & O'CONNOR**
221 N. LaSalle Street
26th Floor
Chicago, IL 60601
(312) 236-1814