# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 611 | **DATE** | March 18, 2008 |
| **CASE TITLE** |  | Montagne vs. The Home Depot, Inc. | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to File a First Amended Complaint Joining Additional Party Defendant is granted. Plaintiff's First Amended Complaint is to be filed on or before March 28, 2008.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On September 27, 2007, Plaintiff filed a premises liability action against Defendant, Home Depot U.S.A., Inc., in the Circuit Court of Cook County. Plaintiff alleges, in part, that Defendant's employee caused a wood plank to fall from a rack of pallets, striking Plaintiff's face and head, causing injury to Plaintiff. Plaintiff did not know the name of the employee and did not name an employee in the original Complaint. Following the receipt of Plaintiff's Response to Requests to Admit, Defendant removed the action to federal court based on diversity jurisdiction. Unaware that the Defendant removed the action, Plaintiff moved to amend his Complaint to add "John Doe," the Defendant's employee and an Illinois resident. Also unaware that the case had been removed, the Circuit Court of Cook County granted Plaintiff's motion. Plaintiff now seeks to amend the Complaint in this Court. Defendant opposes the motion, arguing that Plaintiff seeks to amend the Complaint for the sole purpose of destroying diversity jurisdiction.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. However, the terms of the Rule do not mandate that leave to amend should be granted in every case. *See Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (*Park*). Leave to amend should be denied if there is undue delay, bad faith, dilatory motive, or undue hardship to the opposing party. *See Park*, 297 F.3d at 612. The decision to allow an amended pleading is within the Court's sound discretion. *See Brunt v. Service Employees Inter. Union*, 284 F.3d 715, 720 (7th Cir. 2002).

Here, Plaintiff seeks to add the alleged negligent individual as a party to the Complaint. Defendant argues that there is no need to add the employee because Plaintiff has not alleged a factual basis for a separate cause of action against the employee while acting within the scope of his employment with Defendant. However, Plaintiff's proposed Amended Complaint alleges negligence on behalf of the individual as well as the present Defendant under *respondeat superior*. Other than its conclusory argument that Plaintiff only seeks to amend the Complaint for purposes of destroying diversity jurisdiction, Defendant has not identified any undue delay, bad faith, dilatory motive, or undue hardship by allowing the amendment to the Complaint.

Based on the above, Plaintiff's Motion to File a First Amended Complaint Joining Additional Party

**STATEMENT**

Defendant is granted. Plaintiff's First Amended Complaint is to be filed on or before March 28, 2008.