3588 JJF/JPS HD387

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTOR MONTAGNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.   08 C 611 |
| v. ) | |
| ) | Judge Darrah |
| THE HOME DEPOT, INC. ) | |
| ) | Magistrate Judge Nolan |
| Defendant. ) | |

### Answer of Defendant, HOME DEPOT USA, INC. to Plaintiff's First Amended Complaint at Law

NOW COMES the Defendant, HOME DEPOT USA, INC., incorrectly sued as "THE HOME DEPOT, INC.," by and through its attorneys, PURCELL & WARDROPE, CHTD., and for its Answers to the Plaintiff's First Amended Complaint at Law, states as follows:

1. Defendant, THE HOME DEPOT, INC., is a corporation doing business in Cook County, Illinois.

**ANSWER:** HOME DEPOT USA, INC., admits that it is a Corporation, and that it does business in Cook County, Illinois, but denies that it is incorporated within the State of Illinois.

2. Defendant owns, controls, maintains and operates a department store at 1232 West North Avenue, Chicago, Illinois.

**ANSWER:** HOME DEPOT USA, INC., admits that it owns, controls, maintains and operates a department store at 1232 West North Avenue, Chicago, Illinois.

3. On or about April 4, 2006, Plaintiff was a business invitee of the Defendant and was lawfully shopping at Defendant's store, in the course and scope of his employment with Schaefges Bros. Inc.

**ANSWER:** HOME DEPOT USA, INC. admits that on or about April 4, 2006, an individual identifying himself as "Victor Montagne" was present at the premises alleged. HOME DEPOT USA, INC. is without knowledge or information sufficient to form a belief as to truth of the remaining allegations.

4. Defendant owed Plaintiff a duty to use ordinary care to maintain its premises in a reasonably safe condition, and to conduct its business activities in a reasonably safe manner.

**ANSWER:** Paragraph Four seeks to allege the existence of a duty. The existence of a duty is a question of law, not an allegation of fact. HOME DEPOT USA, INC., admits only to such duties as are imposed by law. If any portion of paragraph four of the Complaint at Law is deemed an allegation of fact, such fact is hereby denied.

5. On or about April 4, 2006, Plaintiff was standing in a store aisle near one of Defendant's employees, who was retrieving some masonite boards for Plaintiff.

**ANSWER:** HOME DEPOT U.S.A., INC. admits was standing in a store aisle near one of HOME DEPOT U.S.A., INC.'s employees, who was retrieving some masonite boards for Plaintiff.

6. At that time and place, Defendant's employee caused a wood plank to fall from the rack or pallet, striking Plaintiff in the face and head, causing serious injuries.

**ANSWER:** HOME DEPOT USA, INC. denies each and every allegation of Paragraph 6 of the First Amended Complaint.

7. At that time and place, Defendant also created or permitted a condition which presented an unreasonable risk of harm to Plaintiff, specifically a loose plank which could be upset or jostled by one of Defendant's employees, and thus fall upon a customer, such as Plaintiff.

**ANSWER:** HOME DEPOT USA, INC. denies each and every allegation of Paragraph 7 of the First Amended Complaint.

8. Defendant, by its agents and employees, committed one or more of the following negligent acts or omissions:

(a) Caused a plank or board to fall from atop a display, rack or pallet, striking Plaintiff;

(b) Failed to inspect the display, rack or pallet before attempting to remove masonite boards, or otherwise failed to exercise due care when removing these boards while Plaintiff was standing in the area;

(c) Failed to maintain safe display aisles for Plaintiff, a customer of Defendant;

(d) Negligently stacked wood in a negligent manner and in an area where they were likely to drop;

(e) Failed to place warning signs in proper positions or otherwise adequately warn the Plaintiff of these hazardous conditions;

(f) Violated company policy by allowing a hazardous condition to exist in the store, endangering customers, such as Plaintiff.

**ANSWER:** HOME DEPOT USA, INC. denies each and every allegation of Paragraph 8 of the First Amended Complaint, inclusive of sub-paragraphs (a)-(f).

9. As a proximate result of one or more of these negligent acts or omissions by the Defendant, THE HOME DEPOT, INC., the Plaintiff, VICTOR MONTAGNE, was severely and permanently injured, and suffered economic and non-economic damages.

**ANSWER:** HOME DEPOT USA, INC. denies each and every allegation of Paragraph 9 of the First Amended Complaint.

WHEREFORE, the defendant, HOME DEPOT USA, INC., improperly sued as "THE HOME DEPOT, INC.," denies that plaintiff is entitled to judgment in any amount; prays that this court enter judgment in its favor and against plaintiff, dismiss plaintiff's complaint with prejudice; and award HOME DEPOT USA, INC. its reasonable costs.

### COUNT II – NEGLIGENCE AGAINST JOHN DOE

10. Plaintiff realleges Paragraphs One (1) through Seven (7) as Paragraph 10 of the Complaint at Law.

**ANSWER:** HOME DEPOT USA, INC. makes no response to the allegations of Paragraph 10 of the First Amended Complaint as the allegations are not directed at HOME DEPOT USA, INC.

11. Upon information and belief, at the above time and place Defendant's employee, John Doe, was an Illinois resident.

**ANSWER:** HOME DEPOT U.S.A., INC. makes no response to the allegations of Paragraph 10 of the First Amended Complaint as the allegations are not directed at HOME DEPOT USA, INC.

12. Defendant John Doe owed Plaintiff a duty to use ordinary care to maintain its premises in a reasonably safe condition, and to conduct his business activities in a reasonably safe manner.

**ANSWER:** HOME DEPOT USA, INC. makes no response to the allegations of Paragraph 10 of the First Amended Complaint as the allegations are not directed at HOME DEPOT USA, INC.

13. Defendant, John Doe, by his agents and employees, committed one or more of the following negligent acts or omissions:

(a) Caused a plank or board to fall from atop a display, rack or pallet, striking Plaintiff;

(b) Failed to inspect the display, rack or pallet before attempting to remove masonite boards, or otherwise failed to exercise due care when removing these boards while Plaintiff was standing in the area;

(c) Failed to maintain safe display aisles for Plaintiff, a customer of Defendant;

(d) Negligently stacked wood in a negligent manner and in an area where they were likely to drop;

(e) Failed to place warning signs in proper positions or otherwise adequately warn the Plaintiff of these hazardous conditions;

(f) Violated company policy by allowing a hazardous condition to exist in the store, endangering customers, such as Plaintiff.

**ANSWER:** HOME DEPOT USA, INC. makes no response to the allegations of Paragraph 10 of the First Amended Complaint as the allegations are not directed at HOME DEPOT USA, INC.

14.     As a proximate result of one or more of these negligent acts or omissions by the Defendant, JOHN DOE, an Illinois Resident, the Plaintiff, VICTOR MONTAGNE, was severely and permanently injured, and suffered economic and non-economic damages.

**ANSWER:**    HOME DEPOT USA, INC. makes no response to the allegations of Paragraph 10 of the First Amended Complaint as the allegations are not directed at HOME DEPOT USA, INC.

Respectfully submitted:

By:    s/ Jason J. Friedl
Jason J. Friedl

**PURCELL & WARDROPE, CHTD.**
10 S. LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3588 Montagne\Pleadings - Fed\Ans2FirstAmendComplaint.doc