UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR MONTAGNE ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE HOME DEPOT, INC., and ) <br> John Doe, an Illinois Resident, ) <br> Defendant. ) | Case No.: 08 C 611 <br> Hon. Judge Darrah |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION TO REMAND/MOTION TO SUBSTITUTE NAME OF PARTY DEFENDANT**

Plaintiff, VICTOR MONTAGNE, by his attorneys, BAAL & O'CONNOR, moves this Court to remand this matter to the Circuit Court of Cook County. In support of this petition, Plaintiff states:

1. On September 27, 2007, Plaintiff filed a premises liability action against Home Depot, Inc., (hereinafter "Home Depot").

2. Among the allegations in the original complaint at law, Plaintiff alleged, in part, (6) that defendant's employee caused a wood plant to fall from the rack of pallet, striking Plaintiff in the face and head, causing serious injuries.

3. Since discovery has not taken place yet, Plaintiff did not know the name of the Home Depot employee; therefore Plaintiff did not name this employee, an Illinois Resident in the original complaint.[1]

4. On January 28, 2008, Jennifer Knobloch, one of Plaintiff's attorneys, contacted the Defendant's office and spoke to attorney Jason Friedl. At that time, Ms.

---

[1] See Complaint at Law, attached hereto and incorporated by reference as Exhibit "A."

Knobloch informed Mr. Friedl that she was going to ask the Circuit Court of Cook County by oral motion the next day, January 29, 2008, for leave to file First Amended Complaint adding "John Doe, Illinois Resident" as a party-defendant. After Ms. Knobloch informed Mr. Friedl of this, he then stated he filed a motion for removal (although it was clearly not sent to Plaintiff as it was not stamp-filed until approximately 3:00 p.m. on January 28, 2008.)

5. On January 29, 2008, the Circuit Court granted Plaintiff leave to file the First Amended Complaint, adding the defendant employee, an Illinois Resident, who is alleged to directly have caused the board to fall on the Plaintiff in this case.[2]

6. Defendant removed this matter to this Honorable Court because, according to Defendant, there is no claim of diversity based on the original complaint and Plaintiff's answer to Request to Admit.

7. However, this Honorable Court recently granted Plaintiff leave to file First Amended Complaint adding John Doe, an Illinois resident, as a party to this lawsuit. Plaintiff clearly has a factual basis to allege that defendant Home Depot, Inc. and its employee, an Illinois resident were negligent. Because this is an Illinois resident who has been joined in good faith as a defendant, there is no diversity. Therefore there is no federal jurisdiction under 28 U.S.C. 1332. Clearly, despite Defendant's argument that because Plaintiff's filing of the Petition to Remand, showed disingenuous motives, obviously, if there is no jurisdiction, filing the Petition to Remand was the only proper thing for Plaintiff to do, contrary to defendant's unsupported arguments.

---

[2] See First Amended Complaint at Law, attached hereto and incorporated herein by reference as Exhibit "B".

8. Defendant argues that Plaintiff has not asked for information about John Doe which is blatantly wrong. Prior to this case being transferred to Federal Court, Plaintiff did serve interrogatories on February 4, 2008 to Defendant asking to identify the witnesses to the accident, and addresses. Instead of answering discovery, Defendant moved to remove the case. In fact, the first time they provided the name of the employee who was with the Plaintiff at the time of the accident was after April 11, 2008, pursuant to this Honorable Court's limited order to answer this information prior to the hearing on Plaintiff's Petition.

9. Defendant correctly points out that there has not been an initial scheduling conference nor was there any discovery deadlines even set prior to this motion. Defendant has been the only person in the possession of this information which would allow Plaintiff to amend the Complaint adding the name of the person who allegedly caused the board to hit the Plaintiff. Plaintiff was never provided the name, any incident reports or any employee information whatsoever until after the filing of this Petition and as stated, the personal information identifying the employee was only in the possession of the Defendant.

10. Contrary to Defendant's arguments, Section 735 ILCS 5/2-401(e) allows a party to name a party with the name "John Doe" in certain circumstances, such as the one in this case where the Plaintiff does not know the identity of the person. The statute states: "Upon application and for good cause shown the parties may appear under fictitious names." In this case, this Honorable Court allowed for Plaintiff to add the "John Doe" prior to the statute of limitations. Clearly, the allowance by this Honorable Court of the amended complaint naming "John Doe" supports good cause pursuant to the

statute, and is proper in this case. The statute of limitations has not expired as Defendant mistakenly argues, since the statute allows for the use of the name under these circumstances (in other words, Plaintiff did make a valid claim) and since this amended complaint was filed PRIOR to the two-year statute. In fact, Defendant answered this Amended Complaint on March 28, 2008.

11. Lastly, Defendant's reliance on the cited caselaw is clearly misplaced. To begin with, for the reasons stated above, Plaintiff has shown good cause for naming "John Doe." The *Bogseth* case that Defendant cites was factually distinguishable. The Court found in that case, which was a case involving a respondent-in-discovery and the ONLY defendant named was "John Doe" there was no jurisdiction. Bogsweth v. Emmanuel, 655 N.E.2d 888 (1995). The Court reasoned the plaintiff failed to name *any* real party at all in interest. In this case, obviously "John Doe" is not the only named defendant in a lawsuit. His employer, Home Depot, is a named-party to the lawsuit, therefore, *Bogsweth* is factually different. In addition, the *A.P.* case cited by Defendant involves completely different facts (trustees of multiple family trusts involving a named parties to a confidential family trust) in a probate action. See A.P. v. M.E.E., 354 Ill.App. 3d 989, 821 N.E.2d 1238 (2004). However, even this case cites the statue above (735 ILCS 5/2-401) for circumstances in which using pseudonyms is permitted, such as the case before us.

12. Defendant has now provided the identity of the employee: Omero Cervantes, address in Chicago, Illinois. Plaintiff moves to substitute Omero Cervantes as party-defendant for "John Doe."

4

WHEREFORE, for the reasons stated in Plaintiff's Petition to Remand and this Reply, Plaintiff, VICTOR MONTAGNE, moves this Court to remand this mater to the Circuit Court of Cook County and substitute Omero Cervantes for John Doe, and for any other equitable relief as this Honorable Court deems fit.

S/ Bryan J. O'Connor Jr.
Bryan J. O'Connor Jr
